## FRED REUPING LEATHER CO. v. FORT GREENE NAT. BANK OF BROOKLYN, N. Y.

## In re HONESDALE UNION STAMP SHOE CO., Inc.

### No. 6321.

Circuit Court of Appeals, Third Circuit.

Feb. 14, 1939.

Ira B. Rutherford, of Honesdale, Pa., for appellant.

Louis A. Fine, of Honesdale, Pa. (S. Augustus Davis, of Scranton, Pa., and Irvin M. Lichtenstein, of Camden, N. J., of counsel), for appellee.

Before DAVIS, MARIS, and CLARK, Circuit Judges.

MARIS, Circuit Judge.

Fred Reuping Leather Company, a general creditor of Honesdale Union Stamp Shoe Co., Inc., a bankrupt, has appealed from the order of the District Court for the Middle District of Pennsylvania dismissing its petition to review the order of a referee in bankruptcy which refused its petition to expunge the claim of Fort Greene National Bank of Brooklyn, N. Y., another creditor of the bankrupt. The appellee bank has moved to dismiss the appeal. The motion raises the question whether a general creditor has standing to prosecute an appeal from such an order.

While the rule appears to be otherwise in the Fifth Circuit (In re Roche, 101 F. 956), the overwhelming weight of authority in the other circuits is to the effect that a general creditor of a bankrupt has no right to contest another creditor's claim or to appeal from the refusal of the court to disallow it unless upon application the trustee has refused to do so

and the district court has authorized the creditor to proceed in the trustee's name. Chatfield v. O'Dwyer, 8 Cir., 101 F. 797; Foreman v. Burleigh, 1 Cir., 109 F. 313; In re Lewensohn, 2 Cir., 121 F. 538; Ohio Valley Bank Co. v. Mack, 6 Cir., 163 F. 155, 24 L.R.A.,N.S., 184; In re Patterson-MacDonald Shipbuilding Co., 9 Cir., 288 F. 546; In re Chakos, 7 Cir., 24 F.2d 482; Amick v. Mortgage Security Corporation, 8 Cir., 30 F.2d 359.

While the question has not previously been decided in this circuit, we are convinced that the majority rule which we have stated is sound and should be followed here. As is pointed out in the cases supporting the rule the trustee represents all the creditors and may therefore be relied upon to press all proper objections to the claims of those whose standing is questionable. If he defaults in his duty the court may upon application direct him in his duty or, if he be recalcitrant, remove him for disobedience, or permit a creditor to act in his name. To allow any creditor, without such leave, to institute proceedings to reject the claims of other creditors, will not, as Judge Wallace pointed out in Re Lewensohn, supra, 121 F. 539, "subserve any necessary purpose, and opens the door to grave abuse. It enables one creditor at his own pleasure to subject any one of the other creditors, or all the other creditors, to the inconvenience and expense of unnecessary litigation, and to unduly protract the settlement of the estate. It is not allowed, in terms, by any provision of the bankrupt act." "Furthermore," as Judge Thayer said in Chatfield v. O'Dwyer, supra, 101 F. page 799, "if one creditor of a bankrupt may prosecute an appeal, under section 25 of the bankrupt law [11 U.S. C.A. § 48], from the allowance of a claim, then any other creditor may take a like appeal upon the same or different grounds, and this court may be required to entertain a number of appeals, all of which are brought to test the validity of the same demand."

In the present case the appellant creditor did not secure leave of court to prosecute this appeal in the name of the trustee. It made no application for such leave and indeed did not request the trustee to take the appeal on its behalf. It, therefore, has no standing to proceed with the appeal, which must be dismissed.