## ROSS v. DRYBROUGH.

### No. 234.

Circuit Court of Appeals, Second Circuit.

June 6, 1945.

Edwin R. Wolff, of New York City, for petitioner-appellant.

Edward S. Rooney, of Albany, N. Y. (Cooper, Erving & Savage, of Albany, N. Y., on the brief), for respondent-appellee.

Before L. HAND, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

On June 11, 1938, Quandt Brewing Company filed a petition for reorganization under former § 77B of the Bankruptcy Act, 11 U.S.C.A. § 207. Reorganization having failed, it was adjudged to be insolvent and adjudicated a bankrupt on June 21, 1941; and on August 12, 1941, a trustee was appointed. On September 10, 1942, Ross, a former president of the debtor corporation, in his capacity as a general creditor petitioned the referee for an order expunging the claim of Frederick W. Drybrough in the sum of $177,844.06. General Order No. 21(6), 11 U.S.C.A. following section 53; Bankruptcy Act, § 57, sub. k, 11 U.S. C.A. § 93, sub. k. The petition also asked that the agreement upon which such claim was founded and the collateral security given for its performance be declared void and of no effect, and that Drybrough be required to return to the estate all moneys paid thereunder. The referee dismissed the petition on January 25, 1944, and this appeal is brought by Ross from an order of the District Court, July 29, 1944, denying Ross's petition for review and affirming the order of the referee.

Though both sides argued the case extensively on the merits, we cannot here dispose of any of the issues presented. For Ross brought this appeal in his capacity as a general creditor, and it is well settled that a general creditor has no right to appeal

from an order refusing to disallow another creditor's claim "unless upon application the trustee has refused to do so and the district court has authorized the creditor to proceed in the trustee's name." Fred Reuping Leather Co. v. Fort Greene Nat. Bank of Brooklyn, N. Y., 3 Cir., 102 F.2d 372, 373, and cases cited; In re Foster Const. Corporation, 2 Cir., 50 F.2d 693, 695, 696, affirmed D. Ginsberg & Sons v. Popkin, 285 U.S. 204, 52 S.Ct. 322, 76 L.Ed. 704; In re Lewensohn, 2 Cir., 121 F. 538, certiorari denied 189 U.S. 513, 23 S.Ct. 853, 47 L.Ed. 924; Berkshire Trust Co. v. Gar Wood Industries, 1 Cir., 142 F.2d 369, and cases cited at 370; 2 Collier on Bankruptcy, 14th Ed. 1940, 914, and cases collected in nn. 6, 7, 8, and 1944 Cum.Supp. 99.[1] The rule is otherwise in the case of corporate reorganizations by the express terms of § 206 of the Chandler Act, 11 U.S.C.A. § 606; but this is "contrary to the general bankruptcy procedure." Young v. Higbee Co., 65 S.Ct. 594, 597; Dana v. Securities and Exchange Commission, 2 Cir., 125 F.2d 542.

Here the petitioning creditor did not request the trustee to take the appeal. Nor did he apply to the court for permission to prosecute it in the name of the trustee. Orderly conduct of the bankruptcy administration requires that a proceeding of this kind be taken in the interest of all the creditors, and not at the instance of any one, unless demanded by the interests of all. In re Lewensohn, supra. Here the trustee has officially proclaimed his neutrality, although the petitioner points with some reason to an apparent close connection between the trustee and the respondent, whose claim was initially presented by the attorney for the trustee. The tribunals below have found the equities strongly against the petitioner, who, as president of the bankrupt, arranged for the convey-ance to respondent as trustee for the creditors which he now attacks. Whether after all the years during which these leisurely proceedings have progressed the petitioner may still be in a position to seek to compel the trustee to prosecute objections to respondent's claim or, in default of such action, to ask permission himself to act in the name of the trustee, we think we should leave to the discretion of the court below upon direct request for such relief. The present order is therefore affirmed.

---

[1] Petitioner's general claim for $6,634.24 was admitted by the bankruptcy trustee. Petitioner did allege generally that this was "in addition to being a secured creditor." But the parties and the tribunals below have treated him throughout as a general creditor, and he himself does not press the claim of security, for the obvious reasons that any such claim appears to depend upon his interest as assignee of a mortgage given originally by the bankrupt, but assigned by him (subject to an outstanding lien to a bank) to Drybrough, as trustee, upon considerations which seem unimpeachable, whatever the relations between Drybrough and the bankrupt estate may be. Two cases have indicated that a secured creditor may appeal where a general creditor may not. In re Roche, 5 Cir., 101 F. 956; In re Braker, 6 Cir., 127 F.2d 652. But it seems that at most these cases should be strictly limited to a situation where the creditor's right is directly impaired. See 2 Collier on Bankruptcy, 1944 Cum.Supp., 99; cf. Fred Reuping Leather Co. v. Fort Greene Nat. Bank of Brooklyn, N. Y., 3 Cir., 102 F.2d 372.