## ROOKE v. RELIABLE HOME EQUIP-
## MENT CO., Inc.
### No. 6374.

United States Court of Appeals
Fourth Circuit.

Argued March 7, 1952.

Decided April 1, 1952.

Israel Steingold, Richmond, Va., for appellant.

Robert T. Barton, Jr., Richmond, Va. (Christian, Barton, Parker & Boyd, Richmond, Va., on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

SOPER, Circuit Judge.

This appeal purports to be taken by Kermit V. Rooke, as Trustee of the Estate of E. 'J. Conklin Aviation Corporation, bankrupt, from an adverse judgment of the District Court which dismissed a suit of the trustee against The Reliable Home Equipment Company, Inc., to avoid and set aside transfers to it of certain property of the bankrupt alleged to have been preferentially or fraudulently made. The court found that there was no evidence to support the charges that Reliable had removed a quantity of paint and an airplane engine belonging to the bankrupt from the bankrupt's plant as alleged in the complaint, and that certain aluminum, which had been so removed a short time before the adjudication in bankruptcy, did not belong to the bankrupt but had been bought and paid for by Reliable and had been placed in the bankrupt's plant for storage purposes only. Accordingly, judgment was entered for Reliable on October 24, 1951.

It now appears that the referee in bankruptcy refused to allow the trustee to appeal from the judgment and that no petition to the District Court to review the referee's action was filed. Nevertheless two creditors of the bankrupt, without the authority or consent of the trustee or of the referee or the court, filed the pending appeal and briefs in the name of the trustee in this court. Prior to the hearing of the appeal on March 7, 1952, the appellee moved this court to dismiss the appeal as taken without authority, and subsequently on February 29, 1952, the referee, at the instance of the appealing creditors, issued an order directing the trustee in bankruptcy not to appeal, but providing that the order should be without prejudice to the rights of the creditors, if any they had, to prosecute the appeal in any manner provided or per-

mitted by law. At the hearing in this court the attorneys for the parties were heard both in respect to the motion to dismiss and also upon the merits of the case.

After the argument in this court the attorney for the appealing creditors, in an effort to support the right of the creditors to appeal, applied to the District Court for leave to prosecute the appeal in the name of the trustee in bankruptcy, and a hearing was had in the District Court. Thereupon, on March 14, 1952, the District Judge signed an order in which he expressed his doubt as to "whether he had the power or should now give leave to prosecute the appeal" in view of the circumstances above set out; but nevertheless granted leave to the creditors to prosecute the appeal, provided a bond for the costs of the appeal should be filed in ten days, since the judge was of the opinion that he should not do anything to impede the review of his decision inasmuch as the case had already been argued on appeal in this court.

Under these circumstances, we think the appeal should be dismissed. It is obvious that it was taken by the individual creditors without the consent of the trustee and against the better judgment of the referee and of the district judge; and that the consent of the latter, secured after the argument of the appeal in this case, did not constitute a finding that the appeal was justified but merely manifested an unwillingness on the part of the district judge to obstruct a review of his decision by this court. In other words, the district court has not found that the facts of the case warranted an appeal.

■ The well established rule to be applied in this situation is set out in the decisions of courts in Fred Reuping Leather Co. v. Fort Greene Nat. Bank, 3 Cir., 102 F. 2d 372. The court said:

"While the rule appears to be otherwise in the Fifth Circuit (In re Roche, 101 F. 956), the overwhelming weight of authority in the other circuits is to the effect that a general creditor of a bankrupt has no right to contest another creditor's claim or to appeal from the refusal of the court to disallow it unless upon application the trustee has refused to do so and the district court has authorized the creditor to proceed in the trustee's name. * *

"While the question has not previously been decided in this circuit, we are convinced that the majority rule which we have stated is sound and should be followed here. As is pointed out in the cases supporting the rule the trustee represents all the creditors and may therefore be relied upon to press all proper objections to the claims of those whose standing is questionable. If he defaults in his duty the court may upon application direct him in his duty or, if he be recalcitrant, remove him for disobedience, or permit a creditor to act in his name. To allow any creditor, without such leave, to institute proceedings to reject the claims of other creditors, will not, as Judge Wallace pointed out in Re Lewensohn, supra, [2 Cir.] 121 F. [538], 539, 'subserve any necessary purpose, and opens the door to grave abuse. It enables one creditor at his own pleasure to subject any one of the other creditors, or all the other creditors, to the inconvenience and expense of unnecessary litigation, and to unduly protract the settlement of the estate. It is not allowed, in terms, by any provision of the bankrupt act.' 'Furthermore,' as Judge Thayer said in Chatfield v. O'Dwyer, supra, [8 Cir.] 101 F. [797] page 799, 'if one creditor of a bankrupt may prosecute an appeal, under section 25 of the bankrupt law [11 U.S.C.A. § 48], from the allowance of a claim, then any other creditor may take a like appeal upon the same or different grounds, and this court may be required to entertain a number of appeals, all of which are brought to test the validity of the same demand.'"

See also, Amick v. Mortgage Security Corp., 8 Cir., 30 F.2d 359; In re Cook's Motors, 1 Cir., 142 F.2d 369; Ross v. Drybrough, 2 Cir., 149 F.2d 676; Heiser v. Woodruff, 10 Cir., 150 F.2d 867.

In view of these authorities, we do not regard as controlling the decision of this court in McDaniel v. Stroud, 4 Cir., 106 F. 486, expressing preference, under the facts stated, for the views set out In re Roche, 5 Cir., 101 F. 956.

█ Accordingly, we dismiss the appeal because the creditors-appellants have no standing to prosecute it; but we do not mean thereby to suggest any doubt as to the correctness of the judgment below. On the contrary, our consideration of the briefs and argument of counsel convinces us that the decision of the District Court was correct. The appeal will be

Dismissed.