In re MICHAEL J. HUGHES & CO.

No. 11114.

United States Court of Appeals Third Circuit.

Argued Oct. 5, 1953.

Decided Oct. 14, 1953.

Max L. Rosenstein, Newark, N. J., for appellant.

William Harris, Newark, N. J., for trustees of bankrupt.

John R. Everitt, Asst. U. S. Atty., Newark, N. J., for U. S. of A.

Before BIGGS, Chief Judge, and McLAUGHLIN and STALEY, Circuit Judges.

PER CURIAM.

The opinion of this court in Reuping Leather Co. v. Fort Greene Nat. Bank, 3 Cir., 1939, 102 F.2d 372, holds that a creditor who seeks to appeal from a decision of the District Court allowing the claim of another creditor must secure leave of the District Court in order to successfully prosecute his appeal. In the instant case Crowe, trading as Crowe Machine Co., a creditor, obtained authority from the Referee to file a petition for review of the order of the Referee complained of in the court below. In his petition for leave to file a petition for review the creditor stated that he was willing to prosecute the review at his own expense. The Referee expressly so authorized him to proceed.

The District Court affirmed the order and the decision of the Referee on the

merits of the question presented by the petition for review. The legal question presented by the petition for review and by this appeal is whether or not the vice-president of the bankrupt had authority to waive the statute of limitations in respect to a claim asserted by the United States for income and excess profits taxes.

 In this court Crowe takes the position that the authority granted to him by the Referee to prosecute the petition for review is the equivalent of authority to prosecute an appeal from the court below to this court within the purview of the Reuping case. This is so, says Crowe, because action by the Referee may be appropriately treated as the equivalent of action by the District Court, the Referee being for many purposes the bankruptcy court. Such an issue is not before us because the Referee did not give authority to Crowe to appeal to this court. Crowe also asserts that because leave to prosecute the petition for review was granted by the Referee, Crowe is in the position of an intervenor, and as an intervenor may prosecute his appeal to this court as a matter of right, citing Dickinson v. Mulligan, 2 Cir., 1949, 173 F.2d 738. An application was made to the court below for leave to file the record on appeal in this court out of time and the District Judge in the court below granted this petition. Crowe also asserts that by reason of this order the court below implicitly approved his appeal and in effect granted leave to prosecute it.

 We cannot agree with Crowe's contentions. But in view of the order made by the District Judge extending Crowe's time for filing the record on appeal in this court, without expressly granting leave to prosecute the appeal, we will not now dismiss the appeal. It may have been the intention of the District Court, by the action of the District Judge, to authorize, perhaps *implicitly*, the prosecution of the appeal by Crowe. We cannot accept implicit authority to prosecute the appeal in lieu of the express authorization of the District Court by action of the District Judge. For these reasons we grant leave to Crowe to make prompt application to the District Court for leave to prosecute the appeal in this court in the name of the trustee, albeit at the expense of Crowe. In so doing we do not intend to indicate to the slightest degree that we think that the District Judge should or should not grant Crowe authority to appeal. The disposition of this question rests entirely within the discretion of the court below. In the meantime we will hold the motion to dismiss the appeal in abeyance for a reasonable period of time.

An order will be entered in conformity with this opinion.