**In re LUDWIG HONOLD MANUFAC-TURING COMPANY, Debtor.**

**INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, and its Local No. 585, Plaintiffs,**

v.

**LUDWIG HONOLD MANUFACTURING COMPANY,**

and

**Fred Zimmerman, Trustee in Bankruptcy of Ludwig Honold Manufacturing Company,**

and

**Central Penn National Bank, Defendants.**

Bankruptcy No. 81–04610G.
Adv. No. 83–0093G.

United States Bankruptcy Court,
E.D. Pennsylvania.

June 27, 1983.

Paula R. Markowitz, Andrew L. Markowitz, Philadelphia, Pa., for plaintiff, International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, and its Local No. 585.

John J. Lamb, Philadelphia, Pa., for the defendant/debtor, Ludwig Honold Manufacturing Co.

Melvin Lashner, Philadelphia, Pa., for defendant, Fred Zimmerman, Trustee in Bankruptcy of Ludwig Honold Manufacturing Co.

Robert A. Kargen, White & Williams, Philadelphia, Pa., for defendant, Central Penn Nat. Bank.

Nancy V. Alquist, Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., for the Creditors' Committee.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge:

The issue in the case *sub judice* is whether a general creditor can seek to equitably subordinate a claim of another creditor where the trustee in bankruptcy has instituted a complaint to do same. We conclude that because the trustee has filed an equitable subordination complaint against the creditor in question requesting relief similar to that prayed for by the general creditor in all counts of its amended complaint, the general creditor lacks standing to maintain a similar action and, therefore, its complaint will be dismissed.

The facts of the instant case are as follows:[1] On November 9, 1981, an involuntary petition under chapter 11 of the Bankruptcy Code ("the Code") was filed against Ludwig Honold Manufacturing Company ("the debtor"). On January 18, 1983, International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, and its Local No. 585 ("the Union"), filed an amended complaint under section 510(c) of the Code against Central Penn National Bank ("the bank") to equitably subordinate the bank's claim to that of the debtor's union employees.[2] Count II of said complaint seeks to set aside, pursuant to section 547(c)(5) of the Code, an alleged transfer of inventory assets by the debtor to the bank as a voidable preference. On March 7, 1983, the bank filed a motion to dismiss the Union's complaint on the basis, *inter alia,* that the Union was without standing to bring its complaint because the trustee, in his answer to the Union's complaint, specifically stated that it was his intention to bring suit against the bank requesting the precise relief prayed for by the Union in all counts of its amended

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. Section 510 of the Code provides:
   § 510. SUBORDINATION.
   (a) A subordination agreement is enforceable in a case under this title to the same extent that such agreement is enforceable under applicable nonbankruptcy law.
   (b) Any claim for rescission of a purchase or sale of a security of the debtor or of an affiliate or for damages arising from the purchase or sale of such a security shall be subordinated for purposes of distribution to all claims and interests that are senior or equal to the claim or interest represented by such security.
   (c) Notwithstanding subsections (a) and (b) of this section, after notice and a hearing, the court may—
   (1) under principles of equitable subordination, subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim or all or part of an allowed interest to all or part of another allowed interest; or
   (2) order that any lien securing such a subordinated claim be transferred to the estate.
   11 U.S.C. § 510.

complaint. On March 11, 1983, the trustee did file such a complaint against the bank.

In *Fred Reuping Leather Co. v. Fort Greene Nat'l Bank of Brooklyn, N.Y.,* 102 F.2d 372 (3 Cir.1939), the Court of Appeals for the Third Circuit held:

> [T]he overwhelming weight of authority . . . is to the effect that a general creditor of a bankrupt has no right to contest another creditor's claim or to appeal from the refusal of the court to disallow it unless upon application the trustee has refused to do so and the district court has authorized the creditor to proceed in the trustee's name (citations omitted).

102 F.2d at 372.

Moreover, in *In re Meade Land & Development Co., Inc.,* 1 B.R. 279 (Bkrtcy.E.D.Pa. 1979), we noted that:

> Most jurisdictions have therefore adopted the general rule that once a trustee has been elected and qualified, no general creditor has standing to contest another general creditor's claim, unless the trustee, upon application, refuses to object and the court thereupon has authorized the creditor to proceed in the trustee's name.

1 B.R. at 282 citing *Reuping, supra.*

And, *In re Lockwood,* 14 B.R. 374 (Bkrtcy. E.D.N.Y.1981), the court held that "[t]he proper party to seek equitable subordination is the trustee. In seeking to subordinate Plaintiff's claim to the claim of the other creditors, the trustee acts as the representative of the creditors, not the debtor." *Id.* at 381 (citations omitted).

Finally, *Collier on Bankruptcy* states:

> [T]he right of individual creditors to object to the claim of another creditor, apart from the line of cases permitting some indirect mode of contest, is restricted in much the same manner as is the debtor's right. While either may object before a trustee qualifies or where there is no trustee, once such officer has qualified it is on him that the duty rests to examine and take action concerning claims which would appear to be disentitled to allowance against the debtor's assets.

3 Collier on Bankruptcy ¶ 502.01 at 502–14 (15th ed. 1982).

In light of the aforesaid authorities, and in view of the fact that the trustee has filed a complaint against the bank under sections 510(c), 549(c) and 550 of the Code seeking the identical relief sought by the Union in its complaint, we will dismiss the Union's complaint.