In re **BUNKER EXPLORATION CO. and WFB Petroleum, Inc., Debtors,**

**BUNKER EXPLORATION CO., Plaintiff,**

v.

**Sidney R. CLARKE, III; SRC, Inc.; Clarke, III, Inc.; Velma Stiles; Lynn C. Clarke; KSM, Inc.; Clarke and Van Wagner, Inc.; and George R. Van Wagner, Defendants.**

No. BK–83–01403–B.
Adv. No. 84–0099.

United States Bankruptcy Court, W.D. Oklahoma.

Sept. 17, 1984.

---

Jack L. Kinzie, Sirena G. Terr of Andrews, Davis, Legg, Bixler, Milsten & Murrah, Oklahoma City, Okl., for plaintiff.

Stephen R. Kirklin, D. Brent Wells, Betty T. Tauber of Kirklin, Boudreaux & Joseph, Houston, Tex., James R. Waldo of Mock, Schwabe, Waldo, Elder, Reeves & Bryant, Kenneth N. McKinney of McKinney, Stringer & Webster, Oklahoma City, Okl., for defendants.

## MEMORANDUM DECISION AND ORDER

ROBERT L. BERRY, Bankruptcy Judge.

This matter came on for hearing on defendants' motion to dismiss plaintiff's amended complaint for failure to state a claim upon which relief can be granted, and motion for more definite statement. The parties have extensively briefed the matter and the issues are ripe for resolution. A brief statement of explanatory background is proper.

Sometime in 1979, WFB Petroleum, Inc. (hereinafter "WFB") and SRC, Inc. (hereinafter "SRC") formed a general partnership to engage in the business of exploring for, developing and producing petroleum. This general partnership was subsequently terminated by mutual consent; however, the business of the partnership was carried on by Bunker Exploration Company (hereinafter "BEC") during the partnership's dissolution and winding up.

In 1982 SRC instituted a lawsuit in state court alleging that BEC wrongfully appropriated and expended partnership funds, breached its fiduciary duty owed the partnership, converted partnership assets, failed to maintain partnership records and refused to account to SRC, libeled and slandered SRC, interfered with SRC's contractual relationships and misappropriated trust funds. SRC's prayer for relief against BEC was in the amount of $47,275,-813.87.

BEC subsequently filed for relief under chapter 11 of the Bankruptcy Code and is currently acting as debtor-in-possession. SRC has filed its proof of claim in this bankruptcy claiming a priority secured interest in the amount of $67,125,813.87.

The various other defendants have filed proofs of claims as unsecured interests in the amount of several millions of dollars.

In its amended complaint BEC has alleged various inequitable conduct on the part of the defendants, which conduct resulted in injury to the creditors of BEC and conferred an unfair advantage on the defendants. Accordingly, BEC prays that this Court, pursuant to 11 U.S.C. 510(c),[1]

---

1. [A]fter notice and a hearing, the court may—
    (1) under principles of equitable subordination, subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim or all or part of an

subordinate the claims and interests of the defendants against BEC to the claims and interests of all of BEC's other creditors.

The purpose of a motion under Rule 12(b)(6) Fed.R.Civ.P., made applicable in bankruptcy pursuant to Rule 7012(b) Fed.R.Bankr.P., is to test the formal sufficiency of the statement of the claim for relief. The function of such motion is to test the law of the claim, not the facts which support it. *Niece v. Sears, Roebuck & Co.,* 293 F.Supp. 792 (N.D.Okla.1968). Therefore, the Court's inquiry is limited to a determination as to whether it has been presented facts which allege a claim for relief. Accordingly, a motion pursuant to Rule 12(b)(6) must be read in conjunction with Rule 8(a) Fed.R.Civ.P. which sets forth requirements for pleading a claim in federal court and calls for "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). Only when the pleading fails to meet this liberal standard is it subject to dismissal under Rule 12(b)(6).

For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the plaintiff and its allegations are taken as true. *Jenkins v. McKeithen,* 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969); *Gardner v. Toilet Goods Ass'n.,* 387 U.S. 167, 87 S.Ct. 1526, 18 L.Ed.2d 704 (1969). The test applied to determine the sufficiency of the complaint was set forth in the case of *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), in which the Supreme Court stated that

> [i]n appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. (footnote omitted).

355 U.S. at 45–46, 78 S.Ct. at 101–102. When a federal court reviews the sufficien-

cy of a complaint, before the reception of any evidence, either by affidavit or admissions, the issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

To support their claims, the defendants state that the plaintiff "relies on bare, conclusionary recitations of 'inequitable conduct', incomplete ˌ allegations of fraud, and/or purported breaches of alleged fiduciary duty to satisfy the crucial element of inequitable conduct." Brief of Defendants at 3–4. In fact, a reading of the defendants' brief in support of their motion leaves one with the feeling that recitations of fraud are vital for a suit seeking equitable subordination.

"It is well established that actual fraud need not be shown for equitable subordination." *Matter of Multiponics, Inc.,* 622 F.2d 709, 720 (5th Cir.1980). Rather, a court should seek to determine whether a "holistic picture of inequitable dealing" is present. *Id.* at 721.

Viewing the entire claim, we cannot say beyond doubt that the plaintiff could prove no set of facts in support of its claim which would entitle it to relief. *Conley v. Gibson, supra.* We feel plaintiff is entitled to offer evidence to support its claims. *Scheuer v. Rhodes, supra.* The amended complaint states a claim for which relief may be granted.

Defendants have further moved for a more definite statement pursuant to Rule 12(e) Fed.R.Civ.P., once again made applicable in bankruptcy by Bankr.R. 7012, alleging that certain averments of the complaint are so vague and ambiguous that the defendants cannot reasonably be required to frame a responsive pleading.

Under the federal rules the pleadings are intended simply to place a defendant on notice of the basic nature of the plaintiff's case and to give the plaintiff a general idea of what defenses he will face.

allowed interest to all or part of another allowed interest; or

(2) order that any lien securing such a subordinated claim be transferred to the estate.

The primary burden of information exchange and issue delineation is to be borne through the utilization of the discovery process. *See* 5 Wright and Miller, *Federal Practice and Procedure*, § 1375 at 725 (1969) (citations omitted). The rule pertaining to a motion for a more definite statement is designed to strike at unintelligibility in a pleading, not just a claimed lack of detail. *Stanton v. Manufacturers Hanover Trust Co.*, 388 F.Supp. 1171 (S.D.N.Y. 1975).

■ While the averments the defendants allude to are not as specific as they might possibly be, we cannot say that they are unintelligible. Nor are they so woefully deficient in providing defendants with notice of their alleged wrongful conduct as to render defendants incapable of responding to the amended complaint in its present form without being prejudiced thereby. The motion for more definite statement is therefore denied.

Having dispensed with these matters we now address what we believe to be the true issue in this case, viz: whether a chapter 11 debtor-in-possession has standing to bring a complaint seeking equitable subordination. For if the debtor-in-possession has no standing to bring the instant action, any discussions relating to sufficiency of the complaint are *a fortiori* moot.

■ The fundamental aim of equitable subordination is " 'to undo or offset any inequality in the claim position of a creditor that will produce injustice or unfairness to other creditors in terms of the bankruptcy results.' " *In re Weeks*, 28 B.R. 958, 960 (Bkrtcy.W.D.Okla.1983) quoting *In re Westgate-California Corporation*, 642 F.2d 1174, 1177 (9th Cir.1981). The proper party to seek equitable subordination is the trustee. *In re Lockwood*, 14 B.R. 374 (Bkrtcy.E.D.N.Y.1981). "The debtors have no standing to raise the doctrine." *In re Weeks, supra*, at 960. *Cf. In re Ludwig Honold Mfg. Co.*, 30 B.R. 790 (Bkrtcy.E.D.Pa.1983) (where trustee filed equitable subordination claim against creditor requesting relief similar to that requested by general creditor, general creditor lacked standing to maintain similar actions).

What distinguishes these cases from the matter at bar is that they were all chapter 7 proceedings. Most jurisdictions have adopted the general rule that once a trustee has been elected and qualified, no general creditor has standing to contest another general creditor's claim, unless the trustee, upon application, refuses to object and the court has authorized the creditor to proceed in the trustee's name. *Rooke v. Reliable Home Equipment Co.*, 195 F.2d 667 (4th Cir.1952); *Fred Reuping Leather Co. v. Fort Greene Nat. Bank. of Brooklyn, N.Y.*, 102 F.2d 372 (3rd Cir.1939). *Cf. Matter of Silverman*, 10 B.R. 734 (Bankr. S.D.N.Y.1981) (debtor restricted to objecting to creditors' claims only in cases where there is no trustee). However, this is not to say that the trustee is the only person *ever* entitled to bring suit seeking equitable subordination.

Pursuant to 11 U.S.C. § 1107, a debtor-in-possession "[s]hall have all the rights ... and shall perform all the duties ... of a trustee serving in a case under this chapter." Title 11 U.S.C. § 1106 specifies that "[a] trustee shall perform the duties of trustee specified in sectio[n] ... 704(4) ... of this title." Section 704(4) entitles a trustee to examine proofs of claims and to object to the allowance of any claim that is improper. Furthermore, Rule 6009 Fed.R. Bankr.P. permits the trustee *or the debtor-in-possession* to prosecute or defend *any* action on behalf of the estate. Finally we note the following language from *Collier on Bankruptcy:*

[T]he right of individual creditors to object to the claim of another creditor, apart from the line of cases permitting some indirect mode of contest, is restricted in much the same manner as is the debtor's right. *While either may object before a trustee qualifies or where there is no trustee,* once such officer has qualified it is on him that the duty rests to examine and take action concerning claims which would appear to be disentitled to allowance against the debtor's assets.

3 L. King, *Collier on Bankruptcy*, ¶ 502.01 at 502–14 (15th ed.1982) (emphasis supplied).

■ Based on all the above, we believe that in the situation where a chapter 11 debtor-in-possession is present, it has the standing to bring suit seeking equitable subordination. To hold otherwise would deprive the debtor-in-possession of its rights and duties under the Bankruptcy Code.

Accordingly, for all the foregoing reasons, the defendants' motion to dismiss plaintiff's amended complaint for failure to state a claim upon which relief can be granted, and motion for more definite statement, shall be and hereby is, denied. Defendants are given time to answer, from entry of our order, as provided by the Fed.R.Civ.P. Appropriate judgment will be entered.

Pursuant to Bankr.R. 7052 this memorandum constitutes our findings of fact and conclusions of law.