**M.H. GORDON & SON, INC.,**
Appellant,

v.

**DEBTOR AND COMMITTEE OF UNSECURED CREDITORS,**
Appellees.

Civ. A. Nos. 85–3242–C and 85–3325–C.

United States District Court,
D. Massachusetts.

June 30, 1986.

Charles E. Blumsack, DeStefano & Canzano, Woburn, Mass., for appellant.

Arthur P. Kreiger, Palmer & Dodge, Steven J. Marullo, Marullo & Barnes, U.S. Trustee's Office, Boston, Mass., for appellees.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a consolidated appeal[1] from an order entered June 21, 1985 by the Honorable Harold Lavien, U.S. Bankruptcy Judge, declaring null and void the security interest of appellant, M.H. Gordon & Sons, Inc. ("M.H. Gordon"). The order subordinated M.H. Gordon's claim of $250,000, reduced by a $28,000 capital contribution, to the claims of other unsecured creditors. M.H. Gordon alleges that the Bankruptcy Court deprived it of the opportunity to present relevant evidence in its behalf by raising the issue of equitable subordination *sua sponte* after a hearing on the question of whether proceeds derived from the debtor's sale of assets should be applied to M.H. Gordon's $250,000 secured obligation.[2] The consolidated debtors in the bankruptcy action were Beverages International Ltd. ("BI") and N.P. Beverages Corp. ("N.P."). At the hearing, M.H. Gordon asserted that it was a secured creditor of the debtor by reason of a $250,000 loan made by Richard Gordon to the debtor BI in April 1982. The loan was secured in December 1982 by a security agreement in all assets of BI and thereafter assigned to M.H. Gordon. Both the creditors' committee and the debtor opposed the allowance of M.H. Gordon's claim with secured creditor status.

A bankruptcy court's findings of fact are accepted by a reviewing district court unless they are clearly erroneous. *E.g., In re Appeal of U.I.P. Engineered Products Corp.*, 43 B.R. 480, 482 (N.D. Ill. 1984). In this case, appellant M.H. Gordon has not contested the Bankruptcy Court's factual determinations.

Following the hearing and submission of briefs by the parties, the Bankruptcy Court issued a memorandum which examined M.H. Gordon's claim on two levels: the legal and the equitable. On the first level, the Bankruptcy Court found M.H. Gordon's claim that it was a secured creditor valid under Massachusetts state law.[3] In the second level of its analysis, however, the Bankruptcy Court determined, pursuant to

---

1. Two appeals have been presented in this case. The first is an appeal of the Bankruptcy Court's June 21, 1985 order. The second is an appeal from the Bankruptcy Court's denial of M.H. Gordon's "Motion to Set Aside Order of Bankruptcy Judge, Lavien, J., and for Entry of a Substitute Order." Both appeals raise the same issues. The motions have been consolidated.

2. The Bankruptcy Court had confirmed a consolidated reorganization plan for both debtors which provided for payment of secured creditors' claims but reserved decision on the status of M.H. Gordon's alleged secured claim until the matter could be litigated. The issue was heard by the Bankruptcy Court following M.H. Gordon's motion for relief from stay and an objection by both the creditors' committee and the debtor to the payment of M.H. Gordon's claim as a secured creditor.

3. The Bankruptcy Court found that the debtor had signed the security agreement in December 1982 covering its collateral and that the pre-existing debt, the $250,000 loan made by Richard Gordon to the debtor in April 1982, was sufficient consideration for the agreement under the General Laws of Massachusetts. See Mass. Gen. Laws Ann. c. 106, § 1–201(44).

section 510(c) of the Bankruptcy Code,[4] that M.H. Gordon's claim should be equitably subordinated to the claims of other unsecured creditors. In support of this conclusion, the Bankruptcy Court first found that M.H. Gordon was an insider of the debtor bound by fiduciary standards of conduct because of the control and decision-making authority it exercised over the debtor. The Bankruptcy Court then detailed examples of M.H. Gordon's misconduct and inequitable self-dealing that harmed the debtor, including M.H. Gordon's sale of unsaleable inventory to the debtor, failure to transfer certain distribution lines as agreed, six-months delay in recording and assigning the security agreement for the loan, delayed presentation of the security agreement to the debtor in an unrelated transaction, use of the debtor's accountant in its own business without compensation to the debtor, engineering of the sale of a company owned by the principals in M.H. Gordon to the debtor BI when the debtor was not in a financial position to expand, and the payment of employees of a M.H. Gordon subsidiary by debtor BI when no work was performed by them for BI. Based on these factual findings, the Bankruptcy Court ordered the equitable subordination of M.H. Gordon's claim.

In its appeal from this order, M.H. Gordon contends, first of all, that equitable subordination is an affirmative defense under Fed.R.Civ.P. 8(c) which may be raised only by a party to the action, in this case the debtor or the creditors' committee, and which cannot be raised by a bankruptcy court *sua sponte*. The appellant has not directed this Court's attention to any case which has held that a bankruptcy court is prohibited from exercising its equitable powers, as embodied in section 510(c) of the Bankruptcy Code, unless a party raises the issue of equitable subordination in a pleading. The bankruptcy court

has long been known as a court of equity which exercises its equitable powers to ensure that substance does not give way to form and technical considerations do not prevent substantial justice from being done. *Pepper v. Litton*, 308 U.S. 295, 304–05, 60 S.Ct. 238, 244, 84 L.Ed. 281 (1939). Indeed, a bankruptcy court has the duty, as well as the power, to examine the circumstances surrounding a claim to see that injustice and unfairness are not done when allowance of the claim will accrue to the benefit of a controlling stockholder with fiduciary obligations to a corporation. *Id.* at 307–08, 60 S.Ct. 246. To fulfill this mandate, a bankruptcy court itself may have to raise the issue of equitable subordination if a party in interest has failed to do so. The language of section 510(c) supports this proposition. The statute provides that "... the *court* may ..." equitably subordinate a claim. It does not limit the court's ability to exercise its equitable powers to situations where a party has raised the issue.

In this case, the Bankruptcy Court found that M.H. Gordon, through its principals Ira and Richard Gordon, owned one-third of the outstanding stock in BI and that M.H. Gordon was a controlling stockholder which owed a fiduciary duty to the debtor. M.H. Gordon's claim thus deserved careful scrutiny by the court to ensure that its allowance would be fair and equitable to other creditors. *Pepper v. Litton*, 308 U.S. at 308–09, 60 S.Ct. at 246. Equitable subordination thus necessarily was an issue in this case.

Furthermore, although the issue of equitable subordination was not raised as an affirmative defense in the pleadings, it was raised by a party during the hearing on M.H. Gordon's claim before the Bankruptcy Court. The hearing was conducted during three days in 1985: February 25, April

---

4. Section 510(c) provides, in pertinent part, that: after notice and a hearing, the court may—

    (1) under principles of equitable subordination, subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim or all or part of an

allowed interest to all or part of another allowed interest; or

    (2) order that any lien securing such a subordinated claim be transferred to the estate.

11 U.S.C. § 510(c).

3, and April 15. At the outset of the first hearing on February 25, Judge Lavien questioned counsel as to what issues were being litigated. Counsel representing the creditors' committee and the debtor, while enumerating the issues in the case, stated without objection that an important question was whether M.H. Gordon was an insider whose claim would then be subordinated under the approved plan "without even reaching a *question of equitable subordination of which we also believe would be appropriate in this case.*" (Emphasis added). The propriety of applying equitable subordination to M.H. Gordon's claim was thereby raised by a party to the matter.

 M.H. Gordon also contends that it did not receive the notice and hearing required by section 510(c) before a court may equitably subordinate a claim. As noted above, equitable subordination was declared an issue at the commencement of the hearing before the Bankruptcy Court. M.H. Gordon, as an alleged insider, should have anticipated this development. Even if it did not, the hearing was continued over a period of one and a half months, affording M.H. Gordon adequate time to collect evidence to submit in its behalf on the issue. M.H. Gordon thus received adequate notice that the principle of equitable subordination might be applied to its claim.

M.H. Gordon also received ample opportunity to be heard on the issue of equitable subordination. Evidence of M.H. Gordon's misconduct was presented throughout the hearing conducted in the bankruptcy court. At that time, M.H. Gordon had the opportunity to call witnesses or elicit testimony concerning the fairness of its dealings with the debtor. Moreover, I note that M.H. Gordon failed to object or request an additional hearing when the Bankruptcy Judge ordered further briefing from the parties on the issue of equitable subordination after the hearing was concluded. This order provided M.H. Gordon with an opportunity to argue the propriety of applying section 510(c) to the matter. In response to the Bankruptcy Court's re-

quest, however, M.H. Gordon addressed solely the merits of applying the principle of equitable subordination to its claim; it did not argue that the issue had not previously been raised in the case.

Based on the foregoing discussion, I rule that the issue of equitable subordination was properly raised in the case and the Bankruptcy Court provided M.H. Gordon with the notice and hearing required by section 510(c).

Order accordingly.

### ORDER

In accordance with memorandum filed this date, it is ORDERED:

Appeal dismissed.