In re FARGO FINANCIAL, INC., Debtor.

PANELIZED TECHNOLOGY, INC., d/b/a Paneltech and Third National Bank in Knoxville, Plaintiffs,

v.

TESORO SAVINGS & LOAN ASSOCIATION, Defendant.

Bankruptcy No. 86–08185.
Adv. No. 86–0915A.

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

June 18, 1987.
As Amended Jan. 15, 1988.

Rufus T. Dorsey, IV, Parker, Hudson, Rainer & Dobbs, Atlanta, Ga., for plaintiffs.

Grant T. Stein, Alston & Bird, Atlanta, Ga., for defendant.

## ORDER

STACEY W. COTTON, Bankruptcy Judge.

Before the court is the motion of defendant Tesoro Savings & Loan Association ("Tesoro") to dismiss the above-styled complaint for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6), applicable herein through Bankruptcy Rule 7012. The underlying complaint, filed by Panelized Technology, Inc., d/b/a Paneltech, and Third National Bank in Knoxville ("plaintiffs"), contains a claim for relief on grounds of equitable subordination pursuant to 11 U.S. C. Section 510(c). In its motion, Tesoro challenges plaintiffs' standing to pursue this claim primarily because it is not a creditor of the estate and because only the debtor in possession has standing to sue on behalf of the bankruptcy estate. A recitation of the pertinent factual allegations in plaintiffs' complaint is as follows:

Plaintiff Paneltech and debtor, Fargo Financial, Inc. ("Fargo"), entered into a subcontractor agreement regarding the construction of the Gwinnett Square Apartments. Paneltech then assigned its interest in the contract to the Third National Bank in Knoxville. Under the agreement, Paneltech furnished materials and installation services for this apartment project. Fargo became indebted to Paneltech in the amount of $195,210.86 but failed to pay the amounts due. Consequently, Paneltech filed a materialman's lien on the apartment complex and instituted a state court civil action against Fargo, which was removed to United States District Court. Fargo, in its answer in that suit, contends that Paneltech breached the contract.

In 1983 Tesoro allegedly agreed to provide funds to Fargo for the acquisition of property and construction of apartments for resale. Pursuant to the loan commitment agreements, Tesoro was to receive a twenty percent profit participation. As security for its advances, Tesoro asserted a first priority security interest in the apartments. Plaintiffs allege that Fargo and Tesoro's relationship constituted a partnership or joint venture due to Tesoro's routine involvement and control over the project. Plaintiffs claim that Tesoro condoned and acquiesced in Fargo's proposal to delay payment to the materialmen and mechanics. Plaintiffs contend that in August of 1986, Tesoro, with knowledge of the existing liens on the property, wrongfully and without forewarning froze the disbursement of funds previously advanced to Fargo.

As a result of these acts, the construction project collapsed due to Fargo's inability to obtain funding and it was forced to file for relief under Chapter 11. Plaintiffs

contend that debtor is unable to pay them because of Tesoro's alleged actions in terminating its financing. This court has previously granted Tesoro's motion for relief from automatic stay by Order filed January 7, 1987, as amended March 26, 1987, allowing it to proceed with foreclosure of the apartment property. Plaintiffs request that the court subordinate Tesoro's alleged first priority lien to their lien.

## CONCLUSIONS OF LAW

The function of a motion for dismissal for failure to state a claim is to test the legal sufficiency of the claim for relief and should be denied "unless it appears *beyond doubt that the Plaintiff can prove no set of facts in support of its claims*" which would entitle it to relief. *Jackam v. Hospital Corporation of America Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir.1986), quoting *Bracewell v. Nicholson Air Services, Inc.*, 680 F.2d 103, 104 (11th Cir.1982) (emphasis in original). *See also Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). For purposes of this motion the complaint should be construed in the light most favorable to the plaintiff and its allegations taken as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421–23, 89 S.Ct. 1843, 1848–49, 23 L.Ed.2d 404 (1969). In reviewing the sufficiency of the complaint before receiving evidence by affidavit or admissions, the issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed. 2d 90 (1974).

■■■ Under 11 U.S.C. Section 510(c), the court may subordinate for purposes of distribution the interest of a creditor to those of another in accordance with principles of equitable subordination. In order to warrant such relief the party seeking subordination must show the following elements:

(1) that the claimant has engaged in inequitable conduct;

(2) that the conduct has injured creditors or given unfair advantage to the claimant; and

(3) that subordination of the claim is not inconsistent with the Bankruptcy Code. *Estes v. N & D Properties, Inc. (In re N & D Properties, Inc.)*, 799 F.2d 726, 731 (11th Cir.1986). After carefully examining the allegations contained in plaintiffs' complaint, the court finds and concludes that they sufficiently state a legal claim upon which this court may grant relief.

■■ Tesoro has also argued that Paneltech is not a creditor of Fargo's estate because its claim was scheduled as disputed by Fargo pursuant to Section 1111(a). It is Tesoro's contention that until Paneltech's claim is allowed it is not a creditor to whom Tesoro can be subordinated. This court concludes, however, that plaintiffs do hold claims against Fargo's estate and that they are entitled to assert them. As noted by plaintiffs, Section 101(4) defines a claim as follows:

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured....

A creditor is defined in Section 101(9) as an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor...." The court file reflects that plaintiffs filed proofs of claim against Fargo on March 10, 1987, based on a filed materialman's lien. Accordingly, although Fargo disputes these claims, the court finds that plaintiffs have sufficiently alleged a claim against Fargo to entitle them to litigate its validity on the merits and to maintain an action regarding their distribution order in the estate. A similar principle is demonstrated by Section 502(c) which permits a court to estimate a contingent or unliquidated claim that cannot be timely resolved, for purposes of participation in administration of the estate. Otherwise a debtor could remove the standing of any creditor in asserting its claim by merely disputing it.

Tesoro next challenges the sufficiency of the complaint on grounds that Paneltech has no standing to pursue its claims and that this action is premature. *See general-*

ly *Klebanow v. New York Produce Exchange,* 344 F.2d 294, 296 (2d Cir.1965); *Tademy v. Scott,* 157 F.2d 826, 827–28 (5th Cir.1946). This contention is based on the argument that Paneltech, as an individual creditor, lacks standing in this proceeding because only a debtor in possession, vested with the rights, duties, and powers of a trustee, is entitled by statute to bring a claim for equitable subordination. *See* 11 U.S.C. Sections 323, 1107. Further, Tesoro argues that Paneltech has alleged no cognizable direct injury resulting from Tesoro's alleged inequitable conduct. Finally, Tesoro insists that their foreclosure of the apartment property wiped out Paneltech's junior lien interest against the property.

Plaintiffs have the burden of pleading and proving injury in fact, causation, and redressability and in considering a motion to dismiss for lack of standing the court must accept the truth of the material allegations of the plaintiffs. *See Steele v. National Firearms Act Branch,* 755 F.2d 1410, 1414 (11th Cir.1985). Additionally the court may allow a plaintiff the opportunity to present evidence on this issue to establish the factual background needed to resolve the standing question. *Id.* at 1414–15. The requirement that a litigant have standing to bring a suit in federal court developed from the limitation placed on judicial power by Article III of the U.S. Constitution. *See Saladin v. City of Milledgeville,* 812 F.2d 687, 690 (11th Cir.1987), citing *Valley Forge Christian College v. Americans United for Separation of Church and State,* 454 U.S. 464, 471–72, 102 S.Ct. 752, 757–59, 70 L.Ed.2d 700 (1982); *Steele, supra,* 755 F.2d at 1413.

Tesoro cites the decision of *Bunker Exploration Co. v. Clarke (In re Bunker Exploration Co.),* 42 B.R. 297, 301 (Bankr. W.D.Okla.1984), as recognizing the following proposition:

> Most jurisdictions have adopted the general rule that once a trustee has been elected and qualified, no general creditor has standing to contest another general creditor's claim, unless the trustee, upon application, refuses to object and the court has authorized the creditor to proceed in the trustee's name.

42 B.R. at 301, citing *Rooke v. Reliable Home Equipment Co.,* 195 F.2d 667 (4th Cir.1952); *Fred Reuping Leather Co. v. Fort Greene National Bank of Brooklyn (In re Honesdale Union Stamp Shoe Co.),* 102 F.2d 372 (3rd Cir.1939).

The Third Circuit Court of Appeals in *Honesdale, supra,* had explained the underlying rationale for this general rule in terms of the trustee's fiduciary duty to represent all creditors and the prevention of undue protraction of the settlement of the estate, which could result if each creditor were allowed to sue any other creditor at will. *Honesdale Union Stamp Shoe Co.,* 102 F.2d 372, 373. *See also United Automobile Workers v. Ludwig Honold Manufacturing Co. (In re Ludwig Honold Manufacturing Co.),* 30 B.R. 790 (Bankr.E. D.Pa.1983). Tesoro also cites *Vreugdenhil v. Hoekstra,* 773 F.2d 213 (8th Cir.1985), in which the Eighth Circuit dismissed a count seeking equitable subordination, ruling that the trustee, and not the debtors in possession, was the only entity authorized to bring that claim.

The court in *Honesdale* prefaced its discussion of this principle, however, with the statement that "the rule appears to be otherwise in the Fifth Circuit" citing *Smith v. Mortgage & Debenture Co, (In re Roche),* 101 F. 956 (5th Cir.1900). 102 F.2d at 372. *See also Rooke, supra,* 195 F.2d at 668. In *Roche* the court allowed an appeal by a creditor of an order allowing a claim of another creditor that directly impaired the claim of the first creditor. Tesoro noted this case arguing that it does not apply to the question of standing in an equitable subordination action. Tesoro Brief in Support, page 9, note 1. Tesoro contends that *Roche* is consistent with the rule that an individual creditor may not pursue such a suit unless court authorization is obtained after a showing that the debtor in possession/trustee has improperly refused to do so. This court concludes, however, that the direct injury to the creditor's security interest constituted the determinative factor in the court's recognition of his standing to appeal. The court stated as follows:

[W]here an appeal lies from any judgment or decree, the same may be taken by any party or person injured or affected by the decree or judgment. The record in this case shows that the appellant, as a creditor of the bankrupt, is directly interested in the judgment complained of, not only as a general creditor of the bankrupt, but as having a special lien on the sum in the hands of the trustee. The motion to dismiss the appeal is overruled.

*In re Roche,* 101 F. 956. Courts have construed this ruling as creating an exception to the trustee participation standing requirement for secured creditors based on the fact that their security interests are directly at stake. *See Hyde Park Lumber Co. v. West Norwood Building & Loan Co. (In re Braker),* 127 F.2d 652, 653 (6th Cir.1942). *See also Henry Ansbacher & Co. v. Klebanow (In re Ira Haupt & Co.),* 362 F.2d 569, 570 (2d Cir.1966); *In re Savidge,* 57 B.R. 389, 392 (D.Del.1986); *First Bank Billings v. Feterl Mfg. Co. (In re Parker Montana Co.),* 47 B.R. 419, 421–22 (D.Mont.1985).

Based on an examination of the authority for the trustee-first refusal rule, this court concludes that these decisions do not stand for the proposition that an individual creditor *never* has the requisite standing to pursue a claim for equitable subordination in a Chapter 11 case. In *Bunker Exploration, supra,* the court actually held that in the Chapter 11 context a debtor in possession had standing to bring such a claim because no trustee had been appointed. 42 B.R. at 301–02. That case cited *Collier on Bankruptcy* for the generally recognized point that a debtor or an individual creditor may object to the claim of another creditor " 'before a trustee qualifies or where there is no trustee ....' " *Id.* at 301, quoting 3 *Collier on Bankruptcy* paragraph 502.01, at 502–14 (15th ed. 1982) (emphasis in original). *Vreugdenhil, supra,* is consistent with this rule because in that case the court based its determination of a lack of standing on the fact that the debtors in

possession lost the authority they derived under 11 U.S.C. Section 1107 when their case was converted to Chapter 7. 773 F.2d at 215. *See also In re Codesco Inc.,* 18 B.R. 225, 230 (Bankr.S.D.N.Y.1982) (only trustee may seek recovery of costs of preservation or disposition against property securing the claim, pursuant to Section 506(c) in Chapter 7). Further, in *Ludwig Honold, supra,* the court dismissed a creditor's complaint because the Chapter 11 trustee had instituted a complaint for the same relief. 30 B.R. at 791–92.

The critical point arising from these cases is that the appointment of a trustee may terminate the right of a debtor in possession or an individual creditor to maintain a suit for equitable subordination of another creditor's claim. Moreover, the right of a trustee to pursue such claims is not absolute because in the event the trustee is requested to object to another creditor's claim and refuses, a general creditor may have standing, provided that court authorization is obtained.[1] *See First Bank Billings, supra,* 47 B.R. at 421.

Similarly Bankruptcy Rule 3007 provides the means by which any creditor of a debtor may object to the allowance of a claim of another creditor. As recognized by the Advisory Committee Note to Rule 3007 the right to object is generally exercised by the trustee, who has the duty to do so under Section 704. This principle is qualified, however, in a Chapter 11 case in which no trustee has been appointed. The importance of this distinction is further emphasized by the fact that Section 502(a) grants any "party in interest" the statutory right to object to a claim. Rule 3007 is a procedural accomodation of a situation in which a trustee is in place, but may not and cannot abridge or limit the substantive right of a "party in interest", including another creditor, to object to any claim.

In the present case, Fargo is serving as debtor in possession as no trustee has been appointed. The debtor in possession entity

---

1. The bankruptcy court itself may raise a claim on grounds of equitable subordination *sua sponte* if a party in interest fails to do so. *See*

*M.H. Gordon & Son, Inc. v. Debtor and Committee of Unsecured Creditors,* 62 B.R. 552, 554 (D.Mass.1986).

occupies a strictly fiduciary role pursuant to Section 1107 and cannot simultaneously occupy the separate legally cognizable role of debtor. *See In re Chapel Gate Apartments, Ltd.*, 64 B.R. 569, 576 (Bankr.N.D. Tex.1986); *Chmil v. Rulisa Operating Co. (In re Tudor Associates, Ltd., II)*, 64 B.R. 656, 662 (E.D.N.C.1986). The significance of this distinction between a trustee and a debtor in possession is evidenced by the potential for divergence of interest between a debtor in possession and a trustee in representing creditors. The Eleventh Circuit Court of Appeals recently upheld a finding, pursuant to Section 1123(b)(3)(B), that a creditor trustee, as provided in a court approved reorganization plan, was a proper party to assert a post-confirmation claim under Section 548(a). *Nordberg v. Sanchez (In re Chase & Sanborn Corp.)*, 813 F.2d 1177 (11th Cir.1987). In affirming the bankruptcy court on the standing issue, the court noted the significance of the fact that a trustee had not been appointed and that the debtor in possession had interests in common with the defendants. *Id.* at 1180 n. 1.

■ In the present case while Fargo and Tesoro may share some degree of common interests as evidenced by their alleged collaboration in the Gwinnett Square Apartments project, there is not the identity of interest as that reflected in *Chase & Sanborn*. More importantly in this case, the court has lifted the stay with respect to the apartment property to permit a foreclosure by Tesoro. Because this property is no longer a part of the estate, Fargo has no realizable pecuniary interest in pursuing a judicial determination of priority of distribution of its proceeds as compared with the plaintiffs. In addition, this property constituted the principal asset of Fargo's estate and the court has serious concerns over Fargo's continuing interest and present economic ability and means to maintain a claim of equitable subordination against Tesoro. Accordingly, this court concludes that plaintiffs have sufficient standing to assert the present claims and need not make demand of the debtor in possession. *See generally In re The Charter Company*, 68 B.R. 225, 228 (Bankr.M.D.Fla.1986).

Tesoro also contends that Paneltech lacks standing because it sustained no cognizable or legally protectable injury from Tesoro's alleged wrongful actions against Fargo. Tesoro claims that it is not in privity of contract with Paneltech and that it has no duties toward Paneltech or any other alleged lien creditors. Finally, Tesoro points to the fact that Fargo's termination of Paneltech's services as a subcontractor predated Tesoro's freezing of the draw account and Fargo's alleged informing of Tesoro of its plan to stretch payables to active subcontractors. Plaintiffs counter these arguments stating that Tesoro's actions in depriving Fargo of its sole financial resource caused its collapse and rendered Fargo unable to pay its creditors such as plaintiffs. Further the fact that plaintiffs' lien interest in the apartments arose prior to Tesoro's alleged wrongful conduct strengthens its claim that economic and direct injury occurred with regard to an existing interest of plaintiffs in the property.

In determining whether plaintiffs have suffered a direct and legally cognizable injury, the court is guided by the principle that "[t]here is no minimum quantitative limit required to show injury; rather, the focus is on the qualitative nature of the injury...." *Saladin v. City of Milledgeville*, 812 F.2d 687, 691 (11th Cir.1987). The type of injury equitable subordination is intended to redress has been summarized as follows:

The misconduct must have resulted in injury to the creditors of the bankrupt or conferred an unfair advantage on the claimant.

....

... [and] the inequitable conduct directed against the bankrupt or its creditors may be sufficient to warrant subordination of a claim irrespective of whether it was related to the acquisition or assertion of that claim.

*See Benjamin v. Diamond (In re Mobile Steel Co.)*, 563 F.2d 692, 700 (5th Cir.1977); *Bostian v. Schapiro (In re Kansas City Journal—Post Co.)*, 144 F.2d 791, 803–04

(8th Cir.1944). *See also Estes v. N & D Properties, Inc., supra,* 799 F.2d 726.

■ In a non-fiduciary situation, the court's analysis is informed by the requirement of a stricter showing of fraud or other inequitable conduct. *See In re Vietri Homes, Inc.,* 58 B.R. 663 (Bankr.D.Del. 1986). Even if Tesoro did not occupy a fiduciary position, as a lender, equitable subordination may still be applicable. *In re Ambassador Riverside Investment Group,* 62 B.R. 147, 153 (Bankr.M.D.La. 1986). A creditor's duty of fair dealing with the debtor and its creditors increases as the creditor has power and control over the debtor's affairs. *Bergquist v. First National Bank of St. Paul (In re American Lumber Co.),* 5 B.R. 470, 478 (D.Minn. 1980). *See also Twin–Lick Oil Co. v. Marbury,* 91 U.S. (1 Otto) 587, 23 L.Ed. 328 (1875); DeNatale & Abram, *The Doctrine of Equitable Subordination as Applied to Nonmanagement Creditors,* 40 Bus.Law. 417 (1985). Hence it is the effect on the bankruptcy results in terms of the right to share by creditors in equitable relation to each other which the court should examine. *See Kansas City Journal—Post, supra,* 144 F.2d at 803–04. The type of harm to creditors contemplated normally concerns the loss of a particular result in the bankruptcy to which they have a legal or equitable right. *Id.* at 800–01. *See also In re Beverages International Ltd.,* 50 Bankr. 273, 282–83 (Bankr.D.Mass.1985). It has been determined that a reduction in the reasonable likelihood of general creditors collecting upon their debt may sufficiently demonstrate harm. *See Creditors' Committee of Trantex Corp. v. BayBank Valley Trust Co. (In re Trantex Corp.),* 10 Bankr. 235, 238 (Bankr.D.Mass.1981).

■ In applying these standards to the present factual allegations in the complaint, this court concludes that plaintiffs have sufficiently alleged a claim of legally cognizable injury which can be redressed through court action.[2] In this case Tesoro is a financial institution and a nonmanage-

ment creditor that allegedly exercised certain dominion and control over debtor's financial affairs and dealings. Plaintiffs' allegations could support the legal conclusion that a duty of fair dealing arose, for equitable subordination purposes, based on Tesoro's alleged control of the debtor, and that it breached this duty by using this control of Fargo's finances to its advantage and to plaintiffs' detriment.

Finally, Tesoro argues that this court's Order of January 5, 1987, amended March 26, 1987, and its foreclosure of the apartment property under private power of sale pursuant to its security deed, "wiped out" Paneltech's interest in that property, and its right to bring the present action. In this order the court lifted the stay so that Tesoro could exercise its foreclosure rights to this property. The court modified this order, pursuant to plaintiffs' motion, to more clearly express the court's ruling that the lifting of the stay was without prejudice to plaintiffs' right to assert and to have adjudicated their claims as relating to their interest in the property, while it was owned by the debtor or Tesoro, or to its proceeds in the event of its disposition. *See Tesoro Savings & Loan Association v. Fargo Financial, Inc. (In re Fargo Financial, Inc.),* 71 B.R. 702, 706 (Bankr.N.D.Ga. 1987). The court intended to prevent impairment of title in the event of the disposition of the property to a third party, but reserved the right to adjudicate the claims between these parties. Accordingly, the court concludes that the intervening exercise by Tesoro of its foreclosure rights to the apartments does not justify dismissal of plaintiffs' claims in the instant proceeding. The remaining contentions of Tesoro are without merit.

## CONCLUSION

Based upon the preceding discussion, the court concludes that plaintiffs' complaint contains sufficient factual allegations to support a claim upon which this court may

**2.** As an element of the question of standing, the concept of injury "should be determined on the allegations of the complaint without consideration of the likelihood of the litigant's success on the underlying merits of the case." *Saladin v. City of Milledgeville,* 812 F.2d at 690 n. 4. *See also Allen v. Wright,* 468 U.S. 737, 751–52, 104 S.Ct. 3315, 3324–25, 82 L.Ed.2d 556 (1984).

grant relief, that plaintiffs have the requisite standing to bring the instant action, and that they are entitled to assert these claims, pursuant to this court's amended Order of March 26, 1987.

Accordingly, it is hereby

ORDERED that Tesoro's motion to dismiss the above-styled complaint for failure to state a claim pursuant to Rule 12(b)(6) is DENIED.

IT IS SO ORDERED.