### In re FIDELITY ELECTRIC COMPANY, INC., Debtor.

### FIDELITY ELECTRIC COMPANY, INC., Plaintiff,

v.

### WEMMCO, INC., Defendant.

**Bankruptcy No. 81–03747 T.**

**Adv. No. 82–1831.**

United States Bankruptcy Court, E.D. Pennsylvania.

Oct. 16, 1984.

Joseph H. Weiss, Philadelphia, Pa., for plaintiff.

John J. Gajdel, Des Moines, Iowa, for defendant.

### MEMORANDUM OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

In this adversary proceeding, the defendant has filed, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as

---

**10.** A hearing on confirmation of the plan is scheduled for October 25, 1984.

incorporated by Rule 7012 of the Rules of Bankruptcy Procedure, a motion to dismiss the Chapter 11 debtor/plaintiff's complaint for failure to state a claim upon which relief can be granted. For the following reasons, we shall deny the defendant's motion to dismiss.

The gravamen of the plaintiff's complaint is that the defendant breached the contract between the parties by refusing to pay for goods manufactured and delivered to the defendant by the plaintiff. Specifically, the complaint, filed on July 26, 1982, alleges that in May of 1981, the parties entered into a contract whereby the defendant agreed to purchase 450 generators from the plaintiff at a price of $1,200.00 per generator. Attached as an exhibit to the complaint is a copy of the defendant's purchase order for these generators, dated May 6, 1981, pursuant to which the plaintiff claims that it acted in carrying out its contractual obligations. The complaint cites no documentary evidence pertaining to the contract other than the defendant's purchase order. For purposes of the present controversy, the relevant portions of the purchase order state as follows:

"Price $1,200.00 each—net 30 days

5% discount for payment

with (sic) thirty days ...

Payment to to (sic) wire transfered within 72 hours of delivery to WeMMCO, Inc. client or upon receipt of funds from lease company, whichever is faster."

The complaint further alleges that in or about May of 1981, the plaintiff manufactured and delivered to the defendant, pursuant to the purchase order, 27 generators, all of which the defendant accepted and retained. The complaint alleges that, despite the plaintiff's repeated demands, the defendant has refused to pay for any of the 27 generators.[1] Therefore, the plaintiff demands judgment against the defendant in an amount in excess of $10,000.00, plus interest and costs.

In its motion to dismiss for failure to state a claim upon which relief can be granted, the defendant claims that the plaintiff has failed to allege facts showing that the defendant has breached the contract so as to have any liability to the plaintiff. Specifically, the defendant argues that the final sentence of the above-quoted portions of the purchase order requires payment from the defendant to the plaintiff only if one of the following two conditions precedent is met: (1) a generator is delivered to a "client" of the defendant, or (2) the defendant receives funds from a "lease company" with regard to a generator.[2] The plaintiff, claims the defendant, has failed to allege in its complaint that either of these two events has occurred with respect to any of the generators it delivered to the defendant, nor did either in fact occur. Therefore, continues the defendant, no payment is due from it to the plaintiff under the facts alleged in the plaintiff's complaint. Thus, the complaint should be dismissed.

The plaintiff concedes that it did not allege either of the two facts which the defendant claims are conditions precedent to its liability under the contract. The plaintiff also concedes that neither in fact occurred. However, the plaintiff disputes the defendant's interpretation of the final sentence of the above-quoted portions of the purchase order. The defendant's interpretation, states the plaintiff, would require the phrase "WeMMCO, Inc. client" to be interpreted as meaning "a client of WeMMCO, Inc." or "WeMMCO, Inc.'s

---

1. The complaint also alleges that the plaintiff had manufactured and had ready for shipment an additional 75 generators in partial fulfillment of the contractual requirements and that, despite repeated demands, the defendant "has refused and continues to refuse to pay FIDELITY for the additional 75 generators which were manufactured and/or for the loss of profits from the 325 units which were ordered by the Plaintiff."

2. According to the defendant, it was clearly contemplated by the parties that the generators sold to the defendant by the plaintiff were to be re-sold by the defendant to one or more "clients" of the defendant, with the defendant to receive payment therefor from a "lease company".

client". According to the plaintiff, the proper interpretation of the parties' contractual intent would require the phrase "WeMMCO, Inc. client" to be interpreted as meaning "WeMMCO, Inc., client", thus triggering the defendant's 72 hour payment obligation upon delivery of the generators to the defendant itself. Of course, the plaintiff's complaint does allege its delivery of generators to the defendant. The plaintiff also argues that the phrase "net 30 days" in the purchase order, *supra*, requires, in any event, payment from the defendant to the plaintiff within 30 days of delivery of the generators to the defendant, thus generally nullifying the defendant's argument that any conditions precedent to payment were created by the final sentence of the above-quoted portions of the purchase order. And, according to the complaint, the 30 day payment requirement contended for by the plaintiff was not met by the defendant.

■ A Rule 12(b)(6) motion to dismiss should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief, taking the allegations of the complaint as true, viewing them liberally, and giving the plaintiff the benefit of all inferences which fairly may be drawn therefrom. See *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434, 444 (3rd Cir.1977); *Murray v. City of Milford*, 380 F.2d 468, 470 (2nd Cir.1967); *Cooper v. Pate*, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964); *Hospital Building Co. v. Trustees of Rex College*, 425 U.S. 738, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976).

As the parties apparently agree, it appears that the substantive law of Pennsylvania governs this proceeding. In describing the law in Pennsylvania as to conditions precedent to a contractual obligation, the Court states in *Mellon Bank, N.A. v. Aetna Business Credit*, 619 F.2d 1001, 1016 (3rd Cir.1980):

"Language not clearly written as a condition precedent is presumed not to be, unless the contrary clearly appears to be the intention of the parties. *Britex Waste Co. v. Nathan Schwab and Sons*, 139 Pa.Super. 474, 12 A.2d 473 (1940); *Potts Mfg. Co. v. Loffredo*, 96 Dauph. 413 (Ct. of Common Pleas), *aff'd*, 235 Pa.Super. 294, 340 A.2d 468 (1974); *Sharp v. McKelvey*, 57 Lanc.Rev. 377, *exceptions dismissed*, 57 Lanc.Rev. 391, *aff'd* 196 Pa.Super. 138, 172 A.2d 580 (1961)."

■ In the present case, we are not satisfied that the defendant's claimed two exclusive conditions precedent to payment are clearly intended as such according to the language of the purchase order. First, it is unclear whether they are intended to be conditions precedent at all. Second, assuming *arguendo* that they are conditions precedent, it is unclear that they are the exclusive conditions precedent to payment. According to the language of the purchase order, it is at least plausible that the parties intended, as the plaintiff suggests, that mere delivery of the generators to the defendant itself was an alternative condition precedent triggering the defendant's payment obligation. In short, the purchase order is ambiguous as to these matters. This ambiguity is evident, if for no other reason, because, in their interpretations of the purchase order, each party relies, at least in part, upon the belief that mistakes, apparently grammatical, were made in the drafting of the purchase order.[3] Therefore, contrary to the defendant's contention, the language of the purchase order, in itself, does not foreclose the possibility that the facts alleged in the plaintiff's complaint, if true, would entitle the plaintiff to relief on the complaint.

For the foregoing reasons, the defendant's motion to dismiss the plaintiff's complaint shall be denied.

---

**3.** We also note that the purchase order, apart from lacking the appearance of having been drafted with care, does not, by its terms, purport to be a fully integrated embodiment of the parties' agreement.