In re Sylvia **VOLTOLINI**, Debtor.

Sera **MARTELL**, Plaintiff,

v.

Sylvia **VOLTOLINI**, Defendant.

Bankruptcy No. 84–1259–L.
Adv. No. 84–0351.

United States Bankruptcy Court,
D. Massachusetts.

April 11, 1985.

Karen Coolman Amlong, Holmes & Amlong, Fort Lauderdale, Fla., for plaintiff.

Neil S. Satran, Satran, Reade & Marino, Boston, Mass., for debtor/defendant.

## MEMORANDUM AND ORDER RE MOTION TO DISMISS

THOMAS W. LAWLESS, Chief Judge.

In this adversary proceeding, the defendant-debtor has filed, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as incorporated by Rule 7012(b) of the Rules of Bankruptcy Procedure, a motion to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. For the following reasons, I will deny the defendant's motion to dismiss.

Plaintiff's complaint alleges that defendant is liable to her for damages for a claim for libel, and that this claim constitutes a debt which is nondischargeable pursuant to 11 U.S.C. § 523(a)(6), which excepts from discharge debts for "willful and malicious injury.". The alleged libel arises out of a letter written by a third party, the buyer of debtor's condominium unit, which describes certain conduct on the part of the plaintiff, who acted as the realtor in the transaction. The letter alleges, among other things, that plaintiff was a liar, was "corrupt", engaged in "dubious and suspicious business practices," and that, while under investigation by the licensing board, she had "paid $5,000 to clear her name and retain her license." Plaintiff's complaint alleges that defendant in turn republished the letter, adopting each statement contained therein as her own. The complaint further alleges that the defendant republished the statements with the knowledge that they were false, and that the statements were republished intentionally and for the sole purpose of causing the plaintiff injury.

A Rule 12(b)(6) motion to dismiss admits the well-pleaded material allegations of the complaint, but denies their legal sufficiency. Consequently, the motion cannot be granted unless it appears certain that the plaintiff would not be entitled to an order of relief under any facts she could prove in support of her claim, taking all allegations of the complaint as proven, viewing them in their most favorable light, and giving the plaintiff the benefit of all inferences which

fairly may be drawn therefrom. *See, e.g.* *In re Fidelity Electric Company, Inc.*, 43 B.R. 385, 387 (Bankr.E.D.Pa.1984); *In re Bunker Exploration Co.*, 42 B.R. 297, 300 (Bankr.W.D.Okla.1984); *In re Longhorn 1979–II Drilling Program*, 32 B.R. 923 (Bankr.W.D.Okl.1983).

■ In considering the instant motion, the Court must determine whether a cause of action has been stated under § 523(a)(6), which excepts from discharge any debt for "willful and malicious injury" by the debtor. For the purposes of this exception to discharge, "willful" means intentional, and "malicious" means a conscious disregard of one's duties. Injury committed in reckless disregard of a person's rights does not rise to the level of willful and malicious injury. On the other hand, proof of malice does not require a finding of hatred, ill-will, or specific intent to harm. *In re Pereira*, 44 B.R. 248, 251 (Bankr.D.Mass.1984).

Libel may under certain circumstances meet the requirements of this statute. As Judge Gabriel recently stated in *In re Pereira:*

> The intentional tort of libel may be considered a willful and malicious injury if it can be demonstrated that the libel was committed with the requisite willfulness and malice. Malice in the bankruptcy sense means that the author knew the statements made were false. Reckless disregard for the truth or falsity of a statement does not meet the standard of willful and malicious injury.

*Id.* at 251.

■ `Defendant's letter contained statements of and concerning plaintiff which are certainly libelous if false. *See Stone v. Essex County Newspapers, Inc.*, 367 Mass. 849, 853, 330 N.E.2d 161 (1975) (libel consists of "written words which would tend to hold the plaintiff up to scorn, hatred, ridicule or contempt, in the minds of any considerable and respectable segment in the community"). Plaintiff's complaint charges that the defendant intentionally republished the statements knowing that they were false, for the sole purpose of causing the plaintiff injury.

If this is the case, and for the purpose of deciding this motion I must take these allegations to be true, plaintiff's complaint describes conduct that is both "willful" and "malicious" in the bankruptcy sense as defined by *Pereira*. [1]

Therefore, construing the allegations of this complaint in the light most favorable to plaintiff and taking its allegations as true, I find that a cause of action is stated under § 523(a)(6). Accordingly, the defendant's motion to dismiss is denied. However, because trial is proceeding in Florida state court which may be dispositive of some of the issues in the instant case, any further trial of this matter will be stayed pending the final determination of the Florida proceeding.

## ORDER

In accordance with the above, the relief requested in the defendant's motion to dismiss is DENIED. Further trial on this matter is to be stayed pending the final determinaton of *Martell v. Kuczkir et al.*, Broward County Circuit Court No. 84–6081–CO.

■

---

**1.** Defendant contends that plaintiff's complaint sets forth no factual substantiation for her allegations. This reflects a misconception of the plaintiff's burden in a motion to dismiss. Inasmuch as the facts pleaded must be regarded in their most favorable light, plaintiff was under no obligation to produce additional evidence in order to defeat plaintiff's motion. *See In re Bunker Exploration, supra* at 300. Defendant also included, in her legal brief, additional facts tending to challenge the truth of plaintiff's allegations. The inclusion of such extraneous "evidence" is inappropriate with respect to a motion to dismiss and the Court must disregard it. *See In re Bristol Industries Corp.*, 45 B.R. 606, 607 (Bankr.D.Conn.1985).