In re Deena K. DURRANCE a/k/a
Deena Stephens, Debtor.

Lila THOMPSON, Plaintiff,

v.

Deena K. DURRANCE a/k/a Deena Stephens, Defendant.

Bankruptcy No. 87–0034–8P7.
Adv. No. 87–84.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 23, 1988.

Steven R. Kutner, Pearlman & Kutner, P.A., Fern Park, Fla., for plaintiff.

D. Turner Matthews, Bradenton, Fla., for defendant.

### ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing with notice to all parties in interest upon a Motion for Summary Judgment on Count I filed by Lila Thompson (Plaintiff), the Plaintiff in the above-captioned adversary proceeding. The Court has considered the Motion, together with the record, and finds the following undisputed facts to be as follows:

On December 5, 1983, the Plaintiff filed a defamation action in the Eighteenth Judicial Circuit, in and for Seminole County, Florida, against Deena Durrance, a/k/a Deena Stephens (Debtor), the Defendant in this adversary proceeding. The Complaint

contained counts based on intentional and malicious defamation wherein the Plaintiff alleged that the Debtor made certain statements "with knowledge of the falsity of said statement or with reckless disregard for the truth or falsity of said statements" (Exhibit A), intentional infliction of emotional distress, and intentional interference by the Debtor with the Plaintiff's relationship with her employer. When the Debtor failed to answer Requests for Admissions, these were deemed admitted, and judgment on the pleadings was entered in favor of the Plaintiff. After a jury trial on the issue of damages, the Plaintiff was awarded compensatory damages in the amount of $17,300 and punitive damages in the amount of $5,000.

After the Debtor's appeal of the judgment on the pleadings, the Fifth District Court of Appeals reversed the judgment on the pleadings and remanded the case to the trial court. The case was reset for jury trial, but before trial commenced, the trial court struck the Debtor's pleadings due to her failure to comply with Court orders. In turn, the trial court entered a default judgment against the Debtor on the issue of liability. A final judgment in favor of the Plaintiff and against the Debtor in the amount of $23,274 was entered on November 7, 1986 and was not appealed.

Subsequent to the Debtor's filing of her Chapter 7 Petition, the Plaintiff filed this adversary proceeding which in Count I seeks a determination of non-dischargeability pursuant to § 523(a)(6) of the Bankruptcy Code which provides as follows:

§ 523. **Exceptions to Discharge**
(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt
(6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

It is the contention of the Plaintiff that based on collateral estoppel principles, there are no genuine issues of material fact to be resolved and that Count I of the Complaint which alleges non-dischargeability based on the Debtor's alleged willful and malicious slander, may be decided in favor of the Plaintiff as a matter of law. In opposition, the Debtor contends that summary judgment is inappropriate due to the fact that there was not an adjudication on the merits on the Plaintiff's claims specifically that the Debtor's actions were "willful and malicious" as is required by § 523(a)(6).

■ It is well established that under § 523(a)(6) of the Bankruptcy Code, the intentional tort of defamation may constitute "willful and malicious injury by the debtor to another entity," as long as the Debtor knew the published statements were false. *See, Wheeler v. Laudani*, 783 F.2d 610 (6th Cir.1986), *In re Voltolini*, 48 B.R. 199 (Bankr.D.Mass.1985), *In re Pereira*, 44 B.R. 248 (Bankr.D.Mass.1984).

■ Before the doctrine of collateral estoppel may be applied in a bankruptcy adversary proceeding concerning non-dischargeability of debt pursuant to § 523(a)(6), three requirements must be satisfied. First, the issue at stake must be identical to the one involved in prior litigation. Second, that issue must have been actually litigated, and third, the determination of the issue involved in the prior litigation must have been a critical and necessary part of the judgment in the earlier action. *In re Held*, 734 F.2d 628 (11th Cir.1984), *citing, Deweese v. Town of Palm Beach*, 688 F.2d 731 (11th Cir.1982).

■ Although the Plaintiff pled intentional defamation in the state court proceeding, the default judgment does not necessarily imply a finding of "willful and malicious" conduct on the part of the Debtor due to the fact that the Plaintiff's Complaint alleged that the statements were made either "with knowledge ... or reckless disregard for the truth." Clearly, reckless acts are insufficient to satisfy § 523(a)(6). *Wheeler, supra*. Further, there was no actual litigation regarding the Debtor's knowledge of the falsity of any statements made by her concerning the Plaintiff. Based on the state court records, this Court is satisfied that collateral estoppel principles should not prevent this Court from considering whether the Debtor's con-

duct was "willful and malicious" as defined by § 523(a)(6) of the Bankruptcy Code. Therefore, as questions of material fact exist, Count I is not ripe for disposition by summary judgment and the Plaintiff's Motion for Summary Judgment as to Count I should be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Plaintiff's Motion for Summary Judgment be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DE-CREED that the above-captioned adversary proceeding be, and the same is hereby, scheduled for pre-trial conference on the 11th day of April, 1988 at 10:15 a.m.