**In re Charles E. GRIM, Debtor.**

**John R. WORRELL, Plaintiff,**

**v.**

**Charles E. GRIM, Defendant.**

**Bankruptcy No. 89–00940–BKC–TCB.
Adv. No. 89–0250–BKC–TCB–A.**

United States Bankruptcy Court,
S.D. Florida.

July 28, 1989.

Government's recovery of those escrowed funds as an unauthorized use of "cash collateral," § 363(c)(2) is also approved.

Daniel D. Peck, Porter, Wright, Morris & Arthur, Naples, Fla., for plaintiff.

Cynthia I. Chiefa, Miami, Fla., for defendant.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Chief Judge.

The plaintiff judgment creditor seeks exception from discharge under 11 U.S.C. § 523(a)(6) for claims in the amount of $500,000 (wrongful discharge debt); $300,-000 (property debt); and $150,000 (libel debt). The debtor has answered and the matter was tried on June 29. I now conclude that plaintiff's judgment claim for libel should be excepted from the debtor's discharge.

Plaintiff relies on the record of the Ohio state court proceeding against the debtor in which judgment for the foregoing sums was obtained, and has offered no other evidence. The record consists of plaintiff's state court complaint, trial transcripts, jury instructions, jury interrogatories and verdicts, the final judgment in plaintiff's favor based on breach of contract and defamation, and an opinion rendered on cross-appeals from that judgment by the Court of Appeals of Ohio.

Defendant has placed into the record four exhibits (CP 12) related to the Ohio proceedings. The defendant called no witnesses.

The relevant details are not in dispute as all of the evidence is a matter of record. The underlying facts need not be repeated

here. The dispute concerns a conflict between the legal inferences to be drawn from the facts and the status of the record.

■ It is plaintiff's burden to prove under § 523(a)(6) that all or part of its claim is:

"for willful and malicious injury by the debtor" to plaintiff or plaintiff's property.

■ The debtor's position is that the contractual claims are clearly dischargeable because the willful conduct which is the basis for a § 523(a)(6) action rests on:

"intent such as an intentional tort, not negligence and certainly not breach of contract." (CP 11 at p. 3).

It is generally understood, and I agree, that § 523(a)(6) relates to torts and not to contracts. 3 *Collier on Bankruptcy* ¶ 523.16 n. 4 (15th Ed.1989).

In an attempt to overcome this obstacle, plaintiff framed Counts 1 and 2 in its complaint in terms of willful and malicious conduct by defendant in terminating plaintiff's employment (wrongful discharge debt) (CP 1 ¶ 13) and in refusing to honor the agreement to provide plaintiff with common stock of Multipress (property debt) (CP 1 ¶ 18).

The record establishes the State court's rejection of plaintiff's counts seeking damages for mental distress and fraud. The verdict and judgment regarding the employment and stock agreements were solely for money damages for breach of contract. (CP 10 Ex. B). Plaintiff offered no other evidence from the record of the State court proceeding which would alter or, in my opinion, affect the foregoing interpretation of the complaint, verdict and judgment.

Plaintiff's proof under Counts 1 and 2 falls short of carrying its burden of demonstrating that its judgment for breach of employment contract and breach of agreement to transfer stock resulted from willful and malicious injury caused to it by the debtor. *In re Wrenn*, 791 F.2d 1542 (11th Cir.1986) (wrongful act causing harm is not necessarily "willful and malicious" under § 523(a)(6)). *See also In re Long*, 774 F.2d 875, 882 (8th Cir.1985) (willfully breaking security agreement without proof of malice is breach of contract).

Therefore, Counts 1 and 2 are dismissed with prejudice.

■ With respect to Count 3 (libel debt), the threshold question raised by defendant is whether this action is "ripe for review." (CP 11 at pp. 1–3). Defendant relies on the fact that there is a State appeal pending with bond posted by defendant that is "more than adequate to satisfy the defamation judgment". In addition, defendant argues that this matter may be rendered moot by the settlement in a related case against defendant's lawyers on the defamation count and the intent of the trial court judge that plaintiff not benefit from a "double recovery." (CP 11 and 12 Ex. 2).

This court has been granted exclusive jurisdiction to determine the dischargeability of a debt of this character, and, therefore, I do not agree that this court should await the outcome of the State proceedings on appeal or on motion before the trial court. The time limit for filing a complaint under § 523(c) for actions under § 523(a)(6) is in accordance with B.R. 4007(c). Whatever the practical effect might be to await the possible vacating of the underlying judgment claim, a judicial determination in the bankruptcy court under § 523(a)(6) must be considered as causing no substantial harm to defendant if he ultimately prevails in his State appeal or benefits from the third-party settlement. In contrast, plaintiff would suffer the prejudice of having its claim discharged and would be prohibited from seeking payment from defendant's posted bond if this matter were not timely filed and resolved here.

■ The final judgment on the issue of defamation awarded plaintiff $50,000 actual damages and $100,000 punitive damages. The Court of Appeals of Ohio affirmed the judgment. An appeal from that decision is presently pending before the Supreme Court of Ohio. The pendency of the appeal does not destroy the finality of a judgment for the purpose of applying the doctrine of collateral estoppel. *Fidelity Stand. Life Ins. Co. v. First Nat'l Bank & Trust Co., Ga.*, 510 F.2d 273 (5th Cir.), *cert. denied*, 423 U.S. 864, 96 S.Ct. 125, 46 L.Ed.2d 94 (1975); 18 *C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure* § 4433.

■ The jury's verdict and the judgment were based on evidence that the debtor's statement in the Multipress stock prospectus, that plaintiff failed to adequately perform his duties as president of the company, was motivated by actual malice. (Interrogatory No. 6).

Defendant argues that the judgment is not dispositive under § 523(a)(6) because the essential element of a cause of action for defamation in Ohio is reckless disregard for the truth. *In re Durrance*, 84 B.R. 238, 239 (Bankr.M.D.Fla.1988); *Wheeler v. Laudani*, 783 F.2d 610 (6th Cir.1986) (cited by defendant CP 11 at p. 5). Therefore, the narrow issue argued by defendant is that the willful and malicious injury standard is met only if the prior record established that the debtor knew the published statement was false.

Defendant relies on excerpts from the jury instructions which presented alternatives, including an explanation of the phrase "reckless statement", and "failed to use ordinary care", or "intentionally [made] the false publication". This argument, that the court "muddled the standard with a negligence instruction", is not persuasive.

The entire record from the Ohio proceeding, which is in evidence in this matter, demonstrates what was determined in that action. The isolated portions of the record relied on by defendant do not render invalid the clear evidence and the actual determination of defendant's knowledge of falsity, which constitutes willful conduct. *Chrysler Credit Corp. v. Rebhan*, 842 F.2d 1257, 1264 (11th Cir.1988); *In re Latch*, 820 F.2d 1163, 1165 (11th Cir.1987) (portions of record taken out of context may appear ambiguous).

The opinion of the Court of Appeals of Ohio states:

"There was evidence from which a reasonable jury could conclude that Grim's reason for plaintiff's discharge, which was stated in the prospectus, was *knowingly false* and that Grim really discharged plaintiff because he insisted upon being given the stock that Grim had promised him." (Emphasis added). (CP 10 Ex. D at p. 18).

The record establishes that a higher degree of proof was offered, and a finding of defendant's knowledge of falsity was made in affirming the judgment. Defendant's argument fails to take these facts into account.

As stated in *Wheeler, supra* at 615:

"[t]he intentional tort of libel meets the requirements of § 523(a)(6) for nondischargeability when the debtor/author knows the published statements were false."

I find that the elements of willful and malicious injury were actually litigated and were decided under the proper standard. *In re Held*, 734 F.2d 628, 629 (11th Cir. 1984); *In re Mueller*, 34 B.R. 869 (Bankr. D.Colo.1983). Plaintiff has, therefore, carried its burden of demonstrating that its judgment claim for libel is excepted from discharge under § 523(a)(6).

As is required by B.R. 9021, a separate judgment will be entered excepting the debt owed to the plaintiff in the amount of $150,000 from discharge. Costs may be taxed on motion.

DONE and ORDERED.