**In re David P. HOULT, Debtor.**

**Jennifer Hoult, Plaintiff,**

**v.**

**David Hoult, Defendant.**

**Bankruptcy No. 97–16663–8P7.**
**Adversary No. 97–1059.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Nov. 25, 1998.

W. Keith Fendrick, Tampa, FL, Adrienne M. Markham, Douglas B. Rosner, and Kevin P. O'Flaherty, Boston, MA, for Plaintiff.

Camille J. Iurillo, St. Petersburg, FL, for Defendant.

Susan K. Woodard, St. Petersburg, FL, Chapter 7 Trustee.

## ORDER ON PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO RULE 11

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration in this Chapter 7 liquidation case is the Motion for Sanctions Pursuant to Rule 11 filed by Plaintiff, Jennifer Hoult (Ms. Hoult), which is based upon Ms. Hoult's contention that the Defendant, David Hoult (Debtor), and his counsel willfully violated the certification requirements of Fed.R.Civ.P. 11(c)(1)(A) and Fed.R.Bankr.P. 9011 by filing the Answer, Affirmative Defenses and Counterclaims (Doc. No. 22) in this adversary proceeding. In support of her Motion, Ms. Hoult relies upon the following facts which appear to be without substantial dispute:

In 1988, Ms. Hoult, who is the Debtor's daughter, filed a five-count complaint against the Debtor in the United States District Court for the District of Massachusetts (District Court). Ms. Hoult alleged that the Debtor sexually abused her when she was a child and asserted causes of action for assault and a battery in Count I; reckless and intentional infliction of emotional distress in Count II; negligence in Count III; negligent infliction of emotional distress in Count IV; and breach of fiduciary duty in Count V. A jury trial was held, at which time Ms. Hoult presented evidence only relevant to the claims in Counts I, II and V. The court instructed the jury only as to those Counts. The jury returned a general verdict in favor of Ms. Hoult in the amount of $500,000.00 and the District Court entered judgment in that amount against the Debtor on July 14, 1993. The Debtor moved for a new trial which motion was denied. The Debtor appealed the judgment and, later, appealed the order which denied his motion for a new trial.

On July 14, 1994, the Debtor filed with the District Court a Motion to Vacate the Judgment, arguing that the District Court should have precluded the testimony of Ms. Hoult's expert related to the phenomenon of repression and the recovery of repressed memory of victims of childhood sexual abuse. After briefing and oral argument, the District Court denied the Debtor's Motion. The Debtor appealed the denial of this Motion to the First Circuit Court of Appeals. The First Circuit affirmed the District Court's denial of the Motion to Vacate.

In 1996, the Debtor sued Ms. Hoult in the District Court, asserting claims for libel and seeking damages, alleging that Ms. Hoult libeled him in three letters in which Ms. Hoult wrote that during her childhood she was sexually abused by the Debtor (Libel Action). On February 14, 1997, the District Court granted in part and denied in part Ms. Hoult's Motion to Dismiss the Complaint. On June 30, 1997, the District Court granted Ms. Hoult's Motion for Reconsideration, dismissed the Libel Action in its entirety and entered judgment in favor of Ms. Hoult. The Debtor appealed the Order of Dismissal to the First Circuit Court of Appeals. On October 9, 1998, the First Circuit affirmed the judgment of the District Court. The Debtor filed a Motion for Rehearing which is currently pending and awaiting a decision by the First Circuit.

The Debtor filed his Petition for relief under Chapter 7 of the Bankruptcy Code on October 8, 1997. On December 23, 1997, Ms. Hoult commenced the instant adversary proceeding, seeking the determination of nondischargeability of the Judgment pursuant to Sections 523(a)(4) and (a)(6) of the Bankruptcy Code. In due course, the Debtor filed an Answer, Affirmative Defenses and Counterclaim.

The Debtor in his Counterclaim seeks a money judgment based on the very same claim which was unsuccessfully asserted thus far in the Libel Action pending in the District Court. Ms. Hoult filed a Motion to Dismiss the Counterclaim and a Motion to Strike the Affirmative Defenses which were asserted in response to the Second Amended Complaint. On October 19, 1998, the Court granted the Motion to Dismiss, dismissing the Debtor's Counterclaim and partially granting Ms. Hoult's Motion to Strike, striking without prejudice seven of the nine asserted affirmative defenses.

Ms. Hoult contends that the Debtor's Affirmative Defenses and Counterclaim have no basis in existing law, are patently frivolous and serve solely to harass Ms. Hoult. She

seeks attorney's fees and costs and such additional sanctions as may be appropriate.

In opposition to the Motion for Sanctions, Debtor's counsel contends that the Counterclaim was filed in good faith and was supported by existing law. She asserts that it is her duty to assert all available claims on behalf of her client and that the dismissal of the Libel Action by the District Court is of no consequence because the Debtor's Motion for Reconsideration of the Judgment affirming the District Court's Order of Dismissal is still pending before the First Circuit. Debtor's counsel contends that without a final determination of the validity of the claim underlying the Debtor's Counterclaim, the Counterclaim has been properly asserted in this Court. Debtor's counsel also argues that even if filing a counterclaim to a claim under 11 U.S.C. § 523 is procedurally improper, a point which Debtor's counsel does not concede, Fed.R.Bankr.Pro. 7008(c) requires the Court to treat the counterclaim as an affirmative defense if the document has been mistakenly designated a counterclaim instead of an affirmative defense. In this instance, she contends that the affirmative defense asserted is set-off.

■ Although Ms. Hoult seeks sanctions based upon Fed.R.Civ.P. 11 as well as Fed. R.Bankr.Pro. 9011, it should be noted that Rule 11 is inapplicable here. The relevant rule is Fed.R.Bankr.Pro. 9011 which provides,

. . .

(b) REPRESENTATIONS TO THE COURT. By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on the lack of information or belief.

Fed.R.Bankr.Pro. 9011

Even a cursory perusal of the record leaves no doubt that the signature of Debtor's counsel violated both the spirit and the letter of Rule 9011.

■ The assertion that it is proper to assert a counterclaim for setoff to a complaint to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523(c) is not supported by any rule. Ms. Hoult's claim is that the debt owed by the Debtor which is represented by a money judgment entered by the District Court falls within the exception to the discharge for willful and malicious injury to an entity under 11 U.S.C. § 523(a)(6). Ms. Hoult is not seeking a money judgment because she already obtained one. Thus, a setoff against a claim of nondischargeability is inappropriate. *See In re Black,* 95 B.R. 819 (Bankr.M.D.Fla.1989). Further, no good faith argument can be advanced to change existing law.

■ The Debtor also argues, however, that the Counterclaim was filed in good faith, based upon Fed.R.Civ.Pro. 8(c), made applicable to adversary proceedings by Fed. R.Bankr.Pro. 7008(c), which provides,

(c) Affirmative Defenses. In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or af-

firmative defense. When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation.

Counsel's reliance on Rule 8(c) furnishes scant, if any support for the propriety of filing the Counterclaim. As noted earlier, a claim for recovery of a money judgment cannot setoff a claim for nondischargeability. More importantly, the Debtor has no standing to seek monetary damages against Ms. Hoult based on defamation of character or libel because a chose of action based on either legal theory is property of the estate and can only be asserted by the Chapter 7 trustee. *See* 11 U.S.C. § 541(a). Debtor's counsel's argument that the Debtor may assert the claims if the Trustee abandons them is specious because nothing in the record warrants a finding that the Trustee abandoned the claims asserted by the Debtor.

The good faith in filing the Counterclaim is also belied by the undisputed fact known to all, including Debtor's counsel, that the identical claim including identical allegations was asserted by the Debtor in the District Court and that the District Court's dismissal of the claim was affirmed by the First Circuit. The fact that the Debtor filed a Motion for Rehearing which remains pending is of no consequence. This fact does not detract from the validity of the Order of Dismissal which remains the law of the case unless the First Circuit reverses its decision and reinstates the claim. *See In re Grim,* 104 B.R. 486 (Bankr.S.D.Fla.1989) (Pendency of appeal does not destroy the finality of judgment for purposes of collateral estoppel.). Thus, even if the Debtor acquired standing by the Trustee's abandonment of the claim, the Debtor is still barred from asserting the claim based upon the law of the case doctrine.

Viewing the Motion for Sanctions even in a light most favorable to Debtor's counsel, the record is clear that the filing and signing of the Counterclaim by Debtor's counsel violated Fed.R.Bankr.Pro. 9011. Ms. Hoult's Motion is well taken and, therefore, should be granted.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Plaintiff's Motion for Sanctions Pursuant to Rule 11 be, and the same is hereby granted. Counsel for Plaintiff shall submit time records and a schedule of expenses incurred in connection with this adversary proceeding within fifteen (15) days from the date of the entry of this Order.

DONE AND ORDERED.