**In re Gary GIERHART, Debtor.**

**Bankruptcy No. 81–05283A.**

United States Bankruptcy Court, N. D. Georgia, Atlanta Division.

July 13, 1982.

Paul C. Parker, Decatur, Ga., for petitioner.

William S. Rhodes, Atlanta, Ga., for respondent.

### ORDER

W. HOMER DRAKE, Bankruptcy Judge.

This case is before the Court on the debtor's Motion to Compel Turnover of Property

from the respondent, Cumberland Volkswagon, Inc. ("Cumberland") under 11 U.S.C. § 542. On December 15, 1981, Gary Gierhart filed a Chapter 13 extension plan under the Bankruptcy Code. On January 20, 1982, the debtor filed his Motion to Compel Turnover of Property from Cumberland. The debtor seeks to receive two payroll checks in the amount of $368.19 and $646.97, totaling $1,015.16, which Cumberland withheld from the debtor.

The defendant, in response to the debtor's Motion to Compel Turnover, alleges that during the seven months prior to October 28, 1981 Mr. Gierhart illegally converted Cumberland's services and properties with a value of $2,326.00. Cumberland also alleges that the $1,015.16 funds were withheld with Mr. Gierhart's consent.

The principal questions in this case are: (1) whether the debtor's wages in the amount of $1,015.16 that were withheld are property of the estate subject to turnover; and (2) whether such wages were subject to setoff by Cumberland.

Cumberland contends that the debtor verbally agreed that his salary was to be applied toward his indebtedness to Cumberland. The debtor disputes this contention and claims that this was an involuntary transfer of his earnings. 11 U.S.C. § 553, "Setoffs," is the controlling statute in this case.

The debtor filed his petition for relief on December 15, 1981. The $1,015.16 withheld by the defendant were the wages earned during the month of October, 1981. This places the setoff of the subject wages within ninety days of the filing of the debtor's Chapter 13 petition. Under § 553(a)(3), the defendant is not entitled to setoff $1,015.16. Even if this sum was voluntarily paid by Mr. Gierhart to the creditor, these funds would not be subject to setoff since the debt was incurred by such creditor after ninety days before the date of filing of the petition, while the debtor was insolvent and for the purpose of obtaining a right of setoff against the debtor.

The trustee is able to recover the subject debt of $1,015.16 under 11 U.S.C. § 553(b).

Section 553(b) of the Bankruptcy Code generally provides that:

> "Prepetition setoffs during the 90 days before filing that work an improvement in the offsetting creditor's position are recoverable by the trustee to the extent of that improvement. 4 *Collier on Bankruptcy* ¶ 552.08, p. 553–45 (15th ed.)

Pursuant to 11 U.S.C. § 553(c), there is a presumption that the debtor is insolvent during the ninety days immediately preceding the filing of his petition. The wages that were withheld by the defendant in the instant case were withheld within ninety days before the filing of the debtor's petition. Furthermore, these wages were withheld due to an antecedent debt. This transfer enabled Cumberland to improve its position to the extent of the amount of wages that were withheld. It also enabled it to receive more than it would have if this were a case under Chapter 7 of the Bankruptcy Code and this transfer had not been made. Cumberland, in such a situation, would have been considered an unsecured creditor who would have received a pro rata distribution with other unsecured creditors. (*In re American Key Corporation*, No. 81–02544A (B.C.N.D.Ga., Nov. 25, 1981)).

For the above reasons, the trustee is entitled to recover from Cumberland the wages set off in the amount of $1,015.16 pursuant to 11 U.S.C. § 553(a)(3) and (b). Therefore, the debtor's Motion to Compel Turnover is granted, and Cumberland is directed to turn over $1,015.16 to the trustee.

IT IS SO ORDERED.