In re Belton L. WEEKS and Don Weeks, Debtors.

Belton L. WEEKS and Don Weeks, Plaintiffs,

v.

Dale Wilson KINSLOW, Tobert L. Ott, and John Kinslow, Defendants.

Bankruptcy Nos. Bk–81–1926, Bk–81–1927.
Adv. No. 82–352.

United States Bankruptcy Court, W.D. Oklahoma.

April 18, 1983.

6.   3 *Norton Bankr.Law & Prac.* § 77.06 at Part      77—Page 6 (1981).

W. Rogers Abbott, II, Oklahoma City, Okl., for defendants.

Kenneth I. Jones, Jr., and James S. Matthews, Jr., Oklahoma City, Okl., for debtors in possession.

## MEMORANDUM OF DECISION AND ORDER

RICHARD L. BOHANON, Bankruptcy Judge.

Plaintiffs-debtors, seek a declaratory judgment to have this Court determine that the claim of defendant creditors should be limited. The defendants have moved to dismiss and for summary judgment. The dispute involves the debtors' liability under a written lease for which judgment by default was taken in state court prior to debtors filing their Chapter 11 petition on November 12, 1981. The debtors seek a reduction in the amount claimed based upon two separate grounds. They allege first that the claim for termination of the lease should be reduced by the amount the defendant-landlord received for re-renting and/or selling the property prior to the expiration of the lease. They allege next that, under 11 U.S.C. § 502(b)(7) the allowed claim of a lessor is limited to the amount set out by the formula pursuant to that section, albeit he has a pre-petition judgment.

Upon analysis of the record the Court finds the pertinent facts as follows:

1. The debtors filed their voluntary joint petition in bankruptcy under Chapter 11 on November 12, 1981.

2. Debtors listed the defendants among their ten largest unsecured creditors in the amount of $68,777.72.

3. The District Court of Anderson County, Texas awarded default judgment to the defendants-landlord against the debtors as lessees of certain real property. Debtors did not attack this state court judgment collaterally or otherwise prior to filing their petition.

4. The debtors surrendered the leasehold and the lease was terminated prior to the expiration of the lease term.

## Conclusions of Law
### Declaratory Judgment

The debtors admit liability for surrendering the lease prior to its expiration. This was adjudicated in the Texas judgment. Their only challenge here is to the amount of the claim allowable in bankruptcy. Since there is no actual controversy as to the claim a declaratory judgment will not lie. 28 U.S.C. § 2201. *See also Mills v. Mills,* 512 P.2d 143 (Okl.1973). Therefore

the Court takes debtors' pleading as an objection to the defendants' claim.

### Res Judicata and Estoppel by Judgment

The defendants-landlords contend that the debtors' objection is barred by *res judicata* due to the Texas judgment.

■ Debtors' objection to the claim in bankruptcy is not the same cause of action which was addressed in the Texas judgment. These are different causes of action and the doctrine of *res judicata* does not apply. *In re Bus Stop, Inc.*, 3 B.R. 26 (Bkrtcy.S.D.Fla.1980). However, courts of bankruptcy are essentially courts of equity where principles and rules of equity jurisprudence apply. *Pepper v. Litton*, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939). The debtors, more than fifteen months after the state court judgment, ask this Court to reduce a claim since the landlord may have sold or re-rented the leased premises long after they caused the lease to be surrendered. Any challenge debtors had to the amount of the claim for contractual rent ought to have been addressed to the Texas court over a year ago. Under the doctrine of estoppel by judgment, absent proof of fraud or wrongdoing, this Court will not speculate on the amount of the state court judgment.

### Equitable Subordination

■ Debtors next urge that the doctrine of equitable subordination should apply under the facts. See 11 U.S.C. § 510. Under this section the bankruptcy court may subordinate a claim when: (1) the claimant has engaged in inequitable conduct; (2) the misconduct results in injury to the creditors of the debtor or conferred an unfair advantage on the claimant; and (3) equitable subordination must not be inconsistent with the bankruptcy laws. *See e.g. Westgate-California Corporation v. First National Finance Corporation*, 650 F.2d 1040 (9th Cir.1981). The fundamental aim of equitable subordination is "to undo or offset any inequality in the claimed position of a *creditor* that will produce injustice or unfairness to other creditors in terms of the bankruptcy results." *Id.* at 1177 (emphasis added). Thus, the proper party to seek equitable subordination is the creditor or the trustee acting as representative of the creditor, not the debtor. *In re Lockwood*, 14 B.R. 374 (Bkrtcy.E.D.New York 1981). The debtors have no standing to raise the doctrine.

### Application of § 502(b)(7)

■ The debtors assert that the Texas judgment resulted from a claim of a lessor and therefore 11 U.S.C. § 502(b)(7) operates to limit the amount of the claim. The history of this provision is stated well in *Oldden v. Tonto Realty Corporation*, 143 F.2d 916 (2d Cir.1944). As its background and legislative history shows, this section was a compromise between the "fresh start" intent for the debtor and claims for accrued rents of the landlord. It was a difficult compromise, but one that has worked its way into current bankruptcy law upon the following rationale:

> "In truth, the landlord is not in the same position as other general creditors, and there is no very compelling reason why he should be treated on a par with them. For, after all, he has been compensated up until the date of the bankruptcy petition, he regains his original assets upon bankruptcy, and the unexpired term in no way really benefits the assets of the bankrupt's estate". *Id.* at 920.

The legislative compromise considered the conflicting interests and facilitated the equity jurisdiction of the bankruptcy court.

Section 502(b)(7) provides:

(b) Except as provided in subsections (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—. . . .

(7) if such claim is the claim of a lessor for damages resulting from the termination of a lease of real property, such claim exceeds—

(A) the rent reserved by such lease, without acceleration, for the greater of one year, or 15 percent, not to exceed three years, of the remaining term of such lease, following the earlier of—

(i) the date of the filing of the petition;

and

(ii) the date on which such lessor repossessed, or the lessee surrendered, the leased property; plus

(B) any unpaid rent due under such lease, without acceleration, on the earlier of such dates

It is not challenged that the claim asserted by the creditor-defendants results from the lease of real property. The Texas judgment does not preclude the application of § 502(b)(7) under the facts presented. *In re Bus Stop, Inc., supra* at 27; *See also Margolis v. Nazareth Fair Grounds & Farmers Market,* 249 F.2d 221 (2d Cir.1957); *Pepper v. Litton, supra.* The defendant-creditors have alleged no reason why § 502 should not be applied other than res judicata, but this doctrine is not available. Moreover, by enacting § 502(b)(7) Congress has set mandatory limitations on the claim of a landlord for damages resulting from termination of a lease of real property. *Oldden v. Tonto Realty Corporation, supra; see also In re Wagner,* 18 B.R. 339 (Bkrtcy.D. Vt.1982); *Matter of Theatre Holding Corp.,* 22 B.R. 884 (Bkrtcy.S.D.N.Y.1982); *In re Gierhart,* 22 B.R. 20 (Bkrtcy.N.D.Ga.1982). Although the Court is not normally disposed to alter a state court judgment, the requirements of § 502(b)(7) leave no alternative under the facts presented. It follows that the claim of the creditors should be reduced according to the formula set forth under 11 U.S.C. § 502(b)(7).

Accordingly, Defendants' motion to dismiss and for summary judgment is denied.

It is ORDERED that:

Defendants claim of $68,777.72 be reduced according to the formula pursuant to § 502(b)(7) and the same when so done be allowed as a claim against debtors' estate.

Pursuant to B.R. 752 this Memorandum of Decision and Order constitutes the findings of fact and conclusions of law.

Judgment will be entered separately.