**In re MORPHEUS LIGHTS, INC., Debtor.**

**Variable–Parameter Fixture Development Corporation, Plaintiff,**

**v.**

**Comerica Bank–California, a corporation, and Peter Dalton, an individual, Defendant(s).**

**Bankruptcy No. 96–54222–JRG. Adversary No. 98–5089.**

United States Bankruptcy Court, N.D. California, San Jose Division.

Oct. 21, 1998.

Thomas C. Holman, Holman & O'Grady, San Francisco, CA, for Creditors' Committee.

Craig M. Prim, Patrick Costello, Murray & Murray, Palo Alto, CA, for Peter Dalton.

Herbert Katz, Peter C. Bronson, Nelson, Gullen, Bronson & Katz, Los Angeles, CA, for Variable–Parameter Fixture Development Corp.

Peter M. Rehon, Mahl Rehon Walworth & Roberts, San Jose, CA, for Comerica Bank–California.

## ORDER GRANTING COMERICA'S MOTION TO DISMISS CLAIMS FOR EQUITABLE SUBORDINATION AND CONSPIRACY TO BREACH FIDUCIARY DUTY AND DENYING MOTION TO DISMISS CLAIM FOR UNFAIR COMPETITION

JAMES R. GRUBE, Bankruptcy Judge.

### I. INTRODUCTION

Before the court is Defendant Comerica–Bank California's Motion to Dismiss the

Complaint filed by Plaintiff Variable–Parameter Fixture Development Corporation.[1] On March 6, 1998, Variable, a general unsecured creditor of the debtor in possession, Morpheus Lights, Inc., filed a complaint for: (1) equitable subordination; (2) breach of fiduciary duty; (3) conspiracy to breach fiduciary duty; and (4) unfair competition. The complaint names two defendants, Comerica, a lender of the debtor, and Peter Dalton, the President and CEO of the debtor. The essence of the complaint is that Comerica and Dalton have engaged in a pattern of improper post-petition conduct whereby Comerica and Dalton have taken control of the debtor and the bankruptcy case for their own benefit. Such conduct allegedly constitutes a breach of Dalton's fiduciary duties, renders Comerica liable for enabling such a breach, constitutes unfair competition, and justifies equitable subordination of Comerica's claim.

The complaint alleges three claims for relief against Comerica: Claim I is for equitable subordination under 11 U.S.C. § 510(c); Claim III is for conspiracy to breach fiduciary duty; and Claim IV is for unfair competition. Comerica has brought this motion to dismiss all three claims.

1. The hearing was held concurrently with Peter Dalton's motion to dismiss. Both motions were taken under submission at that hearing and the court is issuing decisions on the motions concurrently as well.

2. Comerica also argues that the claim for equitable subordination should be dismissed because it fails to allege inequitable conduct on the part of Comerica, and it fails to allege any injury to unsecured creditors or unfair advantage to Comerica. Because Variable has no standing at this time, the court does not need to address the additional arguments made by Comerica.

3. There are a few cases which discuss a creditor's standing to bring an equitable subordination claim.
In 1981, a New York bankruptcy court held that the trustee is the proper party to bring an equitable subordination claim. The court stated that the trustee is the representative of the creditors and not the debtor. *In re Lockwood*, 14 B.R. 374 (Bankr.E.D.N.Y.1981).
In 1983, an Oklahoma bankruptcy court held that the debtor does not have standing to pursue an equitable subordination claim. The court stated that the proper party is the creditor or the trustee acting as representative of the creditor. *In re Weeks*, 28 B.R. 958, 960 (Bankr.W.D.Okla. 1983).

## II. EQUITABLE SUBORDINATION

Claim I is for equitable subordination under 11 U.S.C. § 510(c). Variable requests equitable subordination of Comerica's claims to all general unsecured creditors due to Comerica's alleged misconduct. Comerica contends that Claim I should be dismissed under Rule 12(b)(1) for lack of jurisdiction over the subject matter because Variable lacks standing to assert the claim.[2] The court agrees.

### A. A GENERAL UNSECURED CREDITOR DOES NOT HAVE STANDING TO BRING AN EQUITABLE SUBORDINATION CLAIM

Comerica contends that there is no clear authority in the Ninth Circuit in support of the proposition that an individual creditor has standing to assert a claim for equitable subordination. Variable contends that there is no authority which would support a finding that Variable lacks standing to sue for equitable subordination. The court agrees that there are very few cases in any circuit discussing the issue.[3]

In 1990 the Fifth Circuit addressed whether an individual creditor has standing to seek equitable subordination under § 510(c). In *In re Vitreous Steel Products Co.*, 911 F.2d 1223 (7th Cir.1990), the court refused to allow an unsecured creditor the right to pursue certain counts in an adversary complaint relating to the affirmative recovery of assets for the estate. *Id.* at 1230–31. The court did, however, allow the unsecured creditor standing to seek equitable subordination under § 510(c). *Id.* at 1231. Unfortunately, the decision lacks any discussion of the standards that should be applied in determining whether the granting of standing is appropriate. The court makes a distinction between equitable subordination and actions that would affirmatively recover assets. The court stated that:

However, [the unsecured creditor] does have standing to seek equitable subordination of the Bank's claim in bankruptcy under § 510(c). Equitable subordination is not a benefit to all unsecured creditors equally, at least where the creditor whose claim is objected to is at least partially unsecured; it is a detriment to the creditor whose debt is subordinated. Thus, when a party seeks equitable subordination, it is not acting in the interests of all the unsecured creditors. While the Trustee may find that it is in the best interests of the estate to seek equitable subordination, individual credi-

Whether an individual creditor can bring an equitable subordination claim against another creditor turns on whether the creditor-plaintiff is the holder of the claim. If the creditor-plaintiff holds the claim, then the creditor-plaintiff has standing to pursue its claim. If, for example, the estate holds the claim, then a representative of the estate, such as the trustee or debtor in possession, is the proper party to bring the claim. Such an analysis is necessary to promote the orderly and equitable administration of the bankruptcy estate by preventing individual creditors from pursuing separate actions to the detriment of other creditors and of the estate as a whole. See *Solow v. Stone*, 994 F.Supp. 173 (S.D.N.Y.1998).

■ The analysis begins with whether the claim constitutes property of the bankruptcy estate. A creditor-plaintiff only has standing if the claim is not property of the estate because property of the estate does not belong to any individual creditor. See *Kalb Voorhis & Co. v. American Financial Corp.*, 8 F.3d 130, 132 (2nd Cir.1993).

■ Whether a claim is property of the estate or of an individual creditor depends on whether the claim is general or particular. "If a claim is a general one, with no particularized injury arising from it, and if that claim could be brought by any creditor of the debtor, the trustee is the proper person to assert the claim, and the creditors are bound by the outcome of the trustee's action." *Id.* quoting *St. Paul Fire and Marine Ins. Co. v. PepsiCo, Inc.*, 884 F.2d 688, 700–01 (2d Cir. 1989) (citations omitted). When no trustee has been appointed, as in this case, a debtor in possession has all the rights and powers, and shall perform all the functions and duties of a trustee. See 11 U.S.C. § 1107(a). For purposes of deciding the standing issue, an unsecured creditors committee asserting claims on behalf of Chapter 11 debtor also stands in a position analogous to that of a trustee and, thus, could be treated as though it were a trustee. See *Matter of Mediators, Inc.*, 190 B.R. 515 (S.D.N.Y.1995). In this case an Official Unsecured Creditor's Committee (creditor's committee) has been formed. Hence, any generalized claims should be brought by the debtor in possession or creditor's committee.

■ If it could be shown that Variable has been particularly harmed by inequitable conduct of Comerica, Variable would have standing to assert a claim for equitable subordination. However, Variable has not alleged any injury particular to it. Variable does allege that "Comerica and Pacific Western Bank have exercised control over the Morpheus' settlement of a pending patent infringement lawsuit by Variable–Parameter ..." See Complaint ¶ 14, p. 5. However, the injury that Variable alleges is a general one. Variable alleges that "during the pendency of this case, Comerica has worked with Dalton toward acquisition of Morpheus, and use of its assets, for the sole or principal benefit of Comerica and Dalton, to the detriment of Morpheus' unsecured creditors." See Complaint ¶ 16, p. 5. Variable alleges that all unsecured creditors have been injured alike and that any indebtedness of the debtor to Comerica should be equitably subordinated to that owed all general unsecured creditors. Because Variable has not alleged a particularized injury, Morpheus or the creditor's committee are the proper parties to assert a claim for equitable subordination.

However, the question remains: if the proper party to bring the claim has not instituted a claim, or refuses to institute a claim, can a general creditor then bring an equitable subordination claim?

---

tors have an interest in subordination separate and apart from the interests of the estate as a whole. The individual creditor should have an opportunity to pursue its separate interest.

The court has held that equitable subordination should be viewed differently than an affirmative recovery because equitable subordination benefits all creditors except the creditor subordinated and an affirmative recovery benefits all creditors except the creditor being sued. It has been argued that the court has created a distinction without a true difference. See Craig H. Averch, The Ability to Assert Claims on Behalf of the Debtor: Does A Creditor Have a Leg to Stand On?, 96 Comm.L.J. 115, 126 (1991) (criticizing the court's reasoning in *In re Vitreous Steel Products Co.*) Without guiding standards to determine when it is appropriate to grant standing to an unsecured creditor, the court does not find this case determinative.

### B. IF THE PROPER PARTY TO BRING AN EQUITABLE SUBORDINATION CLAIM DOES NOT BRING THE CLAIM, AN UNSECURED CREDITOR DOES NOT HAVE STANDING TO PURSUE THE CLAIM ABSENT COURT APPROVAL

As a practical matter, bankruptcy law views the management of a debtor as a neutral party who is the maximizer of value for all parties-in-interest. See Craig H. Averch, The Ability to Assert Claims on Behalf of the Debtor: Does A Creditor Have a Leg to Stand On?, 96 Comm.L.J. 115 (1991). However, in some cases, management of the debtor is not a neutral party and has its own agenda. This is especially true when the debtor is called upon to recover assets of the estate in the form of claims against current management. *Id.* Management of the debtor may also be reluctant to bring a lawsuit against management-friendly lenders or shareholders for equitable subordination or other affirmative actions. *Id.*

In *First Bank Billings v. Feterl Mfg. Co. (In re Parker Montana Co.)*, 47 B.R. 419 (D.Mont.1985), the district court affirmed a bankruptcy court judgment dismissing an equitable subordination claim asserted by a creditor. The court held that if a general creditor applied to the trustee to object to another creditor's claim, and the trustee refused to object, and the court authorizes the creditor to proceed, a general creditor may have standing to object. However, barring permission, the creditor could not proceed. Thus, the creditor is required to seek court permission to bring a claim on behalf of the estate.

The Ninth Circuit Bankruptcy Appellate Panel has considered the issue of creditor standing in an avoidance action, which by statute should be brought by the trustee or debtor in possession. The BAP held that creditors generally have no remedy to institute an avoidance action except through the trustee or debtor in possession. See *In re Curry and Sorensen, Inc.*, 57 B.R. 824, 828 (9th Cir. BAP 1986). If a creditor is dissatisfied with the inaction of the trustee or debtor in possession, its remedies include moving for replacement of the debtor in possession with a chapter 11 trustee, for conversion of the case to one under chapter 7, for dismissal of the chapter 11 case, for an order compelling the debtor in possession to take action or conferring standing upon the creditor to institute the action. *Id.* at 828. Thus, the BAP found that a creditor may seek the court's permission to institute an action.

In addition, in *In re LMJ, Inc.*, the court held that the proper remedy of a creditor when confronted with a debtor in possession who declines to perform fiduciary duties, such as to move to set aside an alleged fraudulent transfer, is to petition for appointment of trustee. *In re LMJ, Inc.*, 159 B.R. 926, 928 (D.Nev.1993) *citing In re Baugh*, 60 B.R. 102 (Bankr.E.D.Ark.1986). An alternative option might be to seek permission from the trustee or bankruptcy court to commence such an action. See *In re Munoz*, 111 B.R. 928 (D.Col.1990). Hence, a creditor does not have standing to intervene due to a trustee or debtor in possession's inaction without court approval.

The court finds that requiring a creditor-plaintiff to seek the court's permission before bringing a claim on behalf of the estate is supported by sound policy reasons. The requirement promotes the orderly and equitable administration of the bankruptcy estate. If individual creditors were permitted to pursue separate actions to the detriment of other creditors and of the estate, the administration of the bankruptcy estate would be chaotic.

Thus, the court concludes that the debtor in possession or the creditor's committee are the holders of the equitable subordination claim. If Variable is dissatisfied with the parties' inaction, it can request an order compelling the parties to take action or request court permission to institute the claim. The court concludes that absent court permission, Variable does not have standing to pursue the claim for equitable subordination. The motion to dismiss is granted as to Claim I.

### III. CONSPIRACY TO BREACH FIDUCIARY DUTY

Claim III is for conspiracy to breach fiduciary duty against Comerica and Dalton.

In the complaint, Variable alleges that Comerica and Dalton have conspired to cause a breach of Dalton's fiduciary duty owed to Variable and other unsecured creditors. Although Comerica has not requested dismissal of this claim on the basis of lack of standing, the issue of standing must be addressed at the outset.[4]

■ As the court found above, a plaintiff only has standing if it is the holder of the claim. If the claim is property of the estate, the estate is the holder of the claim. Whether a claim is property of the estate or of an individual creditor depends on whether the claim is general or particular. Where it could be shown that Variable has been individually harmed by Comerica's conspiracy to breach the fiduciary duty owed by Dalton, Variable has standing to assert a claim. However, Variable has not alleged any injury particular to it. Because Variable has not alleged a particularized injury, Morpheus or the unsecured creditor's committee are the proper parties to assert a claim for conspiracy to breach fiduciary duty. Although Peter Dalton is the responsible person for Morpheus, Variable is not without a remedy. Variable may seek court permission to bring the claim. Thus, because Variable lacks standing, the motion to dismiss Claim III is granted.

## IV. UNFAIR COMPETITION

■ Claim IV is for unfair competition under California Business and Professional Code § 17200. Variable contends that it and the general public have been injured by Comerica's unfair business practices. Variable has standing to bring an action on its own behalf or on behalf of the general public. *Committee on Children's Television, Inc. v. General Foods Corp.,* 35 Cal.3d 197, 209, 197 Cal.Rptr. 783, 673 P.2d 660 (1983). Comerica does not dispute the issue of standing. Comerica contends that Claim IV should be dismissed because: (1) the claim is barred by the litigation privilege; and (2) the complaint

fails to state a claim upon which relief can be granted under Rule 12(b)(6).

## A. LITIGATION PRIVILEGE

■ The Litigation Privilege is codified in California Civil Code § 47 which in pertinent part provides that "a privileged publication or broadcast is one made ... in any ... judicial proceeding ..." The California Supreme Court has held that:

> [T]he privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action [citations omitted.]

*Silberg v. Anderson,* 50 Cal.3d 205, 212, 266 Cal.Rptr. 638, 786 P.2d 365 (1990). The purpose of the privilege is to allow litigants "the utmost freedom of access to secure and defend their rights." *Id.*

Comerica contends that the actions complained of in the complaint are all barred from suit by the litigation privilege. Comerica states that the following alleged acts of misconduct are based on Comerica's conduct in the bankruptcy proceeding: (1) Comerica settled its motion to appoint a chapter 11 trustee; (2) Comerica exercised substantial control over the operations of Morpheus; (3) Comerica exercised control over Morpheus' settlement of a pending patent infringement lawsuit; (4) Comerica agreed to move Morpheus' operations to Redding; (5) Comerica controlled Morpheus.

Comerica has separated out those actions that Variable complains of which do have a substantial connection to the bankruptcy proceedings. However, the crux of the allegations against Comerica is that it has exceeded its role as a mere lender to the debtor and has exercised control through a pattern of wrongful acts and unfair practices which has injured the debtor, creditors and estate. This type of conduct is separate and distinct from conduct typically found within even the most litigious court proceedings. The litiga-

---

4. Comerica argues that the conspiracy to breach fiduciary duty claim should be dismissed because it fails to state a claim upon which relief may be granted and it is barred by the litigation privi-

lege. *Because variable lacks standing at this time, the court does not need to address the arguments made by Comerica.*

tion privilege does not bar suits addressing such injurious conduct.

## B. FAILURE TO STATE A CLAIM

A Rule 12(b)(6) motion tests the legal sufficiency of the claims stated in the complaint. *De La Cruz v. Tormey,* 582 F.2d 45, 48 (9th Cir.1978). Under Rule 12(b)(6) any defendant may move to dismiss for failure to state a claim upon which relief can be granted. The party moving for dismissal has the burden of proving that no claim has been stated. To prevail, the movant must show "beyond a doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief." *Loral Terracom v. Valley National Bank,* 49 F.3d 555, 558 (9th Cir.1995) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). This language emphasizes the limited applicability of Rule 12(b)(6) as the predicate for final dismissal of the action, a disposition courts generally disfavor because it summarily terminates cases on their merits. During this threshold review, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Cervantes v. City of San Diego,* 5 F.3d 1273, 1274–1275 (9th Cir.1993) *quoting Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90, (1974).

For Rule 12(b)(6) purposes, the court must accept the plaintiff's factual allegations as true, drawing all reasonable inferences in plaintiff's favor. *Anderson v. Clow,* 82 F.3d 1480, 1485 (9th Cir.1996); *Walleri v. Federal Home Loan Bank of Seattle,* 83 F.3d 1575, 1580 (9th Cir.1996) quoting *Scheuer,* 416 U.S. at 236, 94 S.Ct. 1683.

The court should construe a plaintiff's allegations liberally, because the rules require only general or "notice" pleading, rather than detailed fact pleading. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). The test is whether the facts pled would support any valid claim entitling plaintiffs to relief under any theory, even if plaintiff erroneously relied on a different legal theory. *Bowers v. Hardwick,* 478 U.S. 186, 201, 106 S.Ct. 2841, 92 L.Ed.2d 140 (1986); *Haddock v. Board of Dental Examiners,* 777 F.2d 462, 464 (9th Cir.1985). However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. See *Epstein v. Washington Energy Co.,* 83 F.3d 1136, 1139 (9th Cir.1996)

■ The Unfair Business Practices Act defines unfair competition as "any unlawful, unfair or fraudulent business practice and unfair, deceptive, untrue or misleading advertising." The Legislature intended that this "sweeping language" include "anything that can properly be called a business practice and that at the same time is forbidden by law." *Manufacturers Life Insurance Co. v. Superior Court,* 10 Cal.4th 257, 268, 41 Cal.Rptr.2d 220, 895 P.2d 56 (1995) *citing Barquis v. Merchants Collection Assn.,* 7 Cal.3d 94, 101 Cal.Rptr. 745, 496 P.2d 817 (1972). The broad language enables courts to deal with the innumerable "new schemes which the fertility of man's invention would contrive." *Barquis,* 7 Cal.3d at 112.

■ The common law rule for unfair competition is grounded in injury to competitors. *Nationwide Mutual v. Dynasty Solar,* 753 F.Supp. 853 (1990). However, under the Business and Professional Code, an unfair competition claim is aimed to protect the general public as well as competitors. To state a claim under the Act, one need not plead and prove the elements of a tort. Instead, one need only show that members of the public are likely to be deceived. *Manufacturers,* 10 Cal.4th at 257, 41 Cal.Rptr.2d 220, 895 P.2d 56.

■ An unfair business practice occurs when the practice "offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Podolsky v. First Healthcare Corp.,* 50 Cal. App.4th 632, 647, 58 Cal.Rptr.2d 89. To test whether a business practice is unfair involves an examination of that practices's impact on its alleged victim, balanced against the reasons, justifications and motives of the alleged wrongdoer. *Id.* In brief, the court must weigh the utility of the defendant's conduct

against the gravity of the harm alleged to the victim. *Id.*

■ Thus, the issue before the court on this motion to dismiss is whether Comerica has shown beyond a doubt that Variable can prove no set of facts in support of a claim for unfair competition which would entitle Variable to relief.

Variable alleges in the complaint that Comerica has engaged in unfair business practices by: "(a) imposing confirmation of a plan of reorganization as an event of default under the stock pledge; (b) otherwise controlling Morpheus; (c) obtaining an equity interest in Vari–Lite and (d) committing other wrongful acts and conduct as aforesaid [in the complaint.]" See Complaint ¶ 31, p. 9–10. Other wrongful acts that Variable has alleged in the complaint include discouraging other investors from purchasing the debtor's assets by refusing to make information available about the debtor to prospective investors on reasonable terms.

The court finds that Comerica has not met its burden to show beyond a doubt that Variable can prove no set of facts in support of a claim for unfair competition which would entitle Variable to relief. Variable has alleged facts sufficient to survive a motion to dismiss and is entitled to offer evidence to support its claim of unfair competition. The motion to dismiss Claim IV is denied.

## V. CONCLUSION

Thus, based on the foregoing, the court grants Comerica's motion to dismiss Claim I for equitable subordination and Claim III for conspiracy to breach fiduciary duty based on Variable's lack of standing at this point. Variable may bring these claims again if it obtains court approval. The court denies Comerica's motion to dismiss Claim IV for unfair competition.