In re Carl RICCITELLI, Debtor.

Carl RICCITELLI, Plaintiff–Appellant,

v.

U.S. TRUSTEE, Jan M. Sensenwich, Chapter 13 Trustee, Trustees,

GREEN MOUNTAIN POWER CORP., Wilshire Credit Corp., Girard Savings Bank, Defendants–Appellees.

No. 00–5085.

United States Court of Appeals, Second Circuit.

July 5, 2001.

**58**

Lisa Chalidze, Rutland, VT, for appellant.

Donald J. Rendall, Jr., Sheehey Furlong Rendall & Behm P.C., Burlington, VT, for defendant-appellee Green Mountain Power Corp.

Gordon C. Gebauer, Gebauer Shoup & Collias PC, Burlington, VT, for defendants-appellees Wilshire Credit Corp. and Girard Savings Bank.

Present JACOBS, PARKER, and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the appeal is in part DISMISSED, and in remaining part the judgment of the district court is AFFIRMED.

Carl Riccitelli appeals from the judgment of the United States District Court for the District of Vermont (Murtha, C.J.) affirming the decision of the Bankruptcy Court for the District of Vermont, which granted summary judgment dismissing an adversary proceeding commenced by Riccitelli in his Chapter 13 bankruptcy reorganization. Riccitelli alleged that his cabin burned down by reason of the negligence of defendant-appellee Green Mountain Power Corporation in resuming the interrupted supply of power, and that the mortgage holders, defendants-appellees Wilshire Credit Corporation and Girard Savings Bank, breached a duty in failing to procure fire insurance.

In June 1988, Riccitelli financed the purchase of property in Wilmington, Vermont by a $196,000 mortgage that was later assigned to Girard Savings Bank, administered by Wilshire Credit Corporation (collectively, "lenders"). In March 1995, Riccitelli entered bankruptcy. During the pendency of the bankruptcy proceeding, a cabin located on the property burned down.

Riccitelli, an electrician, had attempted to repair a malfunctioning water heater in the cabin in December 1995, and used an extension cord to wire the heater directly into the cabin's main circuit breaker. Sometime thereafter, Green Mountain cut off his electrical service for failure to pay bills, and in July 1996, Riccitelli moved to San Francisco.

Riccitelli's brother later broke in, occupied the cabin without permission, and directed Green Mountain to restore power. On November 22, 1996, several days after the brother (also an electrician) activated the main circuit breaker, the cabin burned down. The cause of the fire was never determined, but Riccitelli blames the restoration of power to the water heater.

■ Riccitelli concedes on appeal that he lacks standing to bring the claim seeking equitable subordination of the lenders' secured claims against the estate. *See* 11 U.S.C. § 510. The purpose of equitable subordination is to remedy wrongdoing by one creditor, in the interests of the remaining creditors; as a debtor, Riccitelli has no standing to seek relief under § 510. *See In re Lockwood*, 14 B.R. 374, 381 (Bankr.E.D.N.Y.1981) ("The proper party to seek equitable subordination is the trustee."); *see also In re Weeks*, 28 B.R. 958, 960 (Bankr.W.D.Okla.1983) ("The fundamental aim of equitable subordination is to undo or offset any inequality in the claimed position of a creditor that will produce injustice or unfairness to other

creditors in terms of the bankruptcy results.") (internal citation and quotation marks omitted). We therefore dismiss Riccitelli's claim for equitable subordination.

Riccitelli does have standing, however, to press his claims for damages. *See Olick v. Parker & Parlsey Petroleum Co.,* 145 F.3d 513, 515 (2d Cir.1998) (per curiam) ("a Chapter 13 debtor ... has standing to litigate causes of action that are not part of a case under Title 11").

As to the claim against Green Mountain, the Bankruptcy Court concluded that Riccitelli failed i) to demonstrate that Green Mountain breached a duty of care owed to him, or ii) to present evidence from which a jury could conclude that Green Mountain was the proximate cause of the fire. The district court affirmed on both grounds. We affirm on the independently sufficient ground that the utility, having cut off the power for failure to pay and without a direction by Riccitelli to end service, breached no duty in resuming it.

As to the claim against the lenders, the bankruptcy court concluded that the lenders never agreed to insure the property. The district court affirmed. After reviewing the documents at issue, we affirm. The mortgage provides: "Borrower shall keep ... the Property insured against loss by fire." The mortgage documents *permit* the lenders to purchase insurance, presumably to protect their own interest in the property, but they impose no duty on the lenders to purchase insurance to protect the borrower's interest.

We tax costs against Riccitelli, pursuant to Fed.R.App.P. 39, but deny Green Mountain's and Wilshire's motions for damages made under Fed.R.App.P. 38.

For the reasons set forth above, the appeal is hereby in part DISMISSED, and in remaining part the judgment of the district court is AFFIRMED.